WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
CINDY O'HARA -- #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105
Telephone:    (415) 625-5653
Facsimile:     (415) 625-5657
cindy.ohara@eeoc.gov

Attorneys for Plaintiff EEOC

# UNITED STATES DISTRICT COURT

## NORTHERN  DISTRICT OF CALIFORNIA

**CV 13 4507**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>**PETERS' BAKERY,**<br><br>        Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>Civil Rights - Employment Discrimination<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race/national origin and retaliation, and to provide appropriate relief to Marcela Ramirez, a Hispanic employee who was adversely affected by such practices. Defendant Peters' Bakery subjected Ms. Ramirez to unlawful discrimination based on her race/national origin and to unlawful retaliation after she engaged in the protected activity of filing charges of discrimination with Plaintiff Equal Employment Opportunity Commission.

//
//

COMPLAINT

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful employment practices alleged herein were committed in the State of California, in the County of Santa Clara.  Venue is therefore proper in the United States District Court for the Northern  District of California.

## INTRADISTRICT ASSIGNMENT

3.      This action is appropriate for assignment to San Jose Division of this court as the violations alleged in this complaint took place in Santa Clara County.

## PARTIES

4.      Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, § 2000-e(f)(1) and (3).

5.      The EEOC is informed and believes that Defendant Peters' Bakery, ("Defendant") is a partnership, doing business in the State of California, and has continuously had at least 15 employees.

6.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000-e(b), (g) and (h).

//
//
//
//
//

COMPLAINT

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act Based on Race/National Origin**

7.     More than thirty days prior to the institution of this lawsuit, Charging Party Marcela Ramirez ("Charging Party") filed charges with Plaintiff Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least December 2010, Defendant has engaged in unlawful practices of discrimination in violation Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Charging Party to harassment and discharge based on her race/national origin. Charging Party, who was employed by Defendant, was subjected to race/national origin discrimination by Defendant's majority-owner, Charles "Chuck" Peters ("Peters"), which included but was not limited to, repeated offensive and derogatory remarks, epithets and jokes about Charging Party's race/national origin, including but not limited to "Mexicans like you would rather lie than tell the truth," and "I never trusted your kind of people."

In addition to the above discriminatory harassment, Defendant discharged Charging Party from employment due to her race/national origin.

9.     The effect of the actions complained of in paragraph 8 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her race/national origin.

10.     The unlawful employment practices complained of in paragraph 8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

//

//

1

## SECOND CLAIM FOR RELIEF

2

### Violation of Title VII of Civil Rights Act Based on Retaliation

3      12.     Plaintiff Commission hereby incorporates the allegations of paragraphs 1

4   through 8 above as though fully set forth herein.

5      13.     In addition to the above-referenced discrimination, Defendant engaged in

6   unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C.

7   §2000-e-3(a) by subjecting Charging Party to retaliation after she engaged in the

8   protected activity of filing charges of discrimination against Defendant with Plaintiff

9   Commission.  In retaliation for Charging Party engaging in such protected activity,

10  Defendant took retaliatory adverse action against Charging Party, including but not

11  limited to filing a retaliatory civil defamation claim against Charging Party; refusing to

12  pay Charging Party's back wages and benefits following her reinstatement to

13  employment despite a labor arbitrator's order to do so; subjecting Charging Party to

14  retaliatory disciplinary action; and circulating copies of Charging Party's charges of

15  discrimination to her coworkers, thereby attempting to isolate Charging Party and chill

16  other employees from supporting her in her discrimination complaints.

17     14.     The effect of the actions complained of in paragraph 13 above has been to

18  deprive Charging Party of equal employment opportunities and otherwise adversely

19  affect her status as an employee because of her protected activity.

20     15.     The unlawful employment practices complained of in paragraph 13 above

21  were intentional.

22     16.     The unlawful employment practices complained of in paragraph 13 above

23  were done with malice or with reckless indifference to the federally protected rights of

24  Charging Party.

25

### PRAYER FOR RELIEF

26     Wherefore, the Commission respectfully requests that this Court:

27     A.     Grant a permanent injunction enjoining Defendant, its officers, successors,

28  assigns, and all persons acting in concert or participation with it, from engaging in

1   discrimination based on race/national origin and retaliation against its employees.

2      B.      Order Defendant to institute and carry out policies, practices, and
3   programs which prohibit race/national origin discrimination, including harassment,
4   and retaliation, and which eradicate the effects of its unlawful employment practices.

5      C.      Order Defendant to make whole Charging Party by providing appropriate
6   back pay and benefits with prejudgment interest, and other affirmative relief necessary
7   to eradicate the effects of its unlawful employment practices, in amounts to be
8   determined at trial.

9      D.      Order Defendant to make whole Charging Party by providing
10  compensation for past and future pecuniary losses resulting from the unlawful
11  employment practices complained of above, including but not limited to such out-of-
12  pocket expenses as medical care necessitated by Defendant's unlawful conduct, in
13  amounts to be determined at trial.

14     E.      Order Defendant to make whole Charging Party by providing
15  compensation for past and future nonpecuniary losses resulting from the unlawful
16  practices complained of above including, but not limited to emotional pain and
17  suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be
18  determined at trial.

19     F.      Order Defendant to pay Charging Party punitive damages for the
20  malicious and reckless conduct described above, in amounts to be determined at trial.

21     G.      Grant such further relief as the Court may deem just and proper in the
22  public interest.

23  //

24  //

25  //

26  //

27  //

28  //

1    H.    Award the Commission its costs of this action.

2                            **DEMAND FOR JURY TRIAL**

3        Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff

4    hereby demands a jury trial.

5                                        P. David Lopez
                                         General Counsel
6
                                         JAMES L. LEE
7                                        Deputy General Counsel

8                                        GWENDOLYN YOUNG REAMS
                                         Associate General Counsel
9
                                         EQUAL EMPLOYMENT OPPORTUNITY
10                                       COMMISSION
                                         Office of the General Counsel
11                                       Washington, DC 20507

12
     Dated:  September 30, 2013          /S/ William R. Tamayo
13                                       WILLIAM R. TAMAYO
                                         Regional Attorney
14

15
     Dated:  September 30, 2013
16                                       JONATHAN PECK
                                         Supervisory Trial Attorney
17

18
     Dated:  September 30, 2013
19                                       CINDY O'HARA
                                         Senior Trial Attorney
20

21

22

23

24

25

26

27

28