UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>             Plaintiff,<br><br>      v.<br><br>PETERS' BAKERY,<br><br>             Defendant. | Case No. 5:13-cv-04507-BLF-PSG<br><br>**ORDER GRANTING-IN-PART EEOC'S MOTION TO QUASH**<br><br>**(Re: Docket No. 24)** |

Before the court is Plaintiff Equal Employment Opportunity Commission's motion to quash.[1] Defendant Peters' Bakery opposes. Yesterday, the parties appeared for a hearing.[2] After considering the arguments, the court GRANTS EEOC's motion, but only IN-PART, as laid out below.

---

[1] *See* Docket No. 24. EEOC specifically moves to quash five to quash five document subpoenae issued by Peters' Bakery demanding: (1) the charge investigation files of Kim Alvernaz and (2) Marcela Ramirez as well as (3) Ramirez's psychotherapy, (4) medical and (5) medical billing records. *See* Docket No. 25-1, Exs. A-E.

[2] *See* Docket No. 36.

1
Case No. 5:13-cv-04507-BLF-PSG
ORDER GRANTING-IN-PART EEOC'S MOTION TO QUASH

### A. The Charge Investigation Files of Kim Alvernaz and Marcela Ramirez

Peters' Bakery does "not contest the motion to quash" the subpoenae of the Alvernaz and Ramirez charge investigation files.[3] The charge investigation files therefore need not be produced.

### B. Ramirez's Pyschotherapy Records

Under the federal psychotherapist-patient privilege, "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."[4] "Like other testimonial privileges, the patient of course may waive the protection."[5] The question before the court is whether Ramirez's psychotherapist-patient privilege has been waived by the EEOC's civil case seeking recovery for emotional damages. The answer to that question, it turns out, is the subject of considerable disagreement among the district courts.

Judge Spero explains the split:

> In the wake of *Jaffee*, courts have struggled to determine the circumstances under which waiver of the psychotherapist-patient privilege occurs. *See Fitzgerald v. Cassill*, 216 F.R.D. 632, 640 (N.D. Cal. 2003) (reviewing case law addressing waiver). Some courts have taken a broad approach to waiver, finding, for example, that mere assertion of a claim for emotional distress damages is enough to justify a finding of waiver. *See id.* (citing *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127 (E.D. Penn. 1997); *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999)). These cases focus on fairness considerations. *Id.* Other courts have taken a narrow approach, holding that there must be an affirmative reliance on the psychotherapist-patient communication before the privilege is waived. *See id.* (citing *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (D. Mass. 1997)). These latter cases are based on the primacy of the privacy interest that is inherent in the privilege. *Id.* Finally, some courts have taken a "limited broad view" in which they have found waiver where a plaintiff has alleged more than "garden variety" emotional distress and has instead alleged emotional distress that is "complex" or has resulted in specific disorders. *Id.* at 637 (citing Weinstein's Federal Evidence § 504 .07[8] & n.22.4).[6]

---

[3] *See* Docket No. 34 at 11 ("Defendant Peters' Bakery will not contest the EEOC files of Marcela Ramirez in this forum. The files produced during discovery are incomplete and Defendant will pursue its Rule 34 remedy. With respect to the file of Kim Alvemaz, Defendant Peters' Bakery will not contest the motion to quash that subpoena.").

[4] *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) (footnote omitted).

[5] *Id.* at 15 n.14.

[6] *Boyd v. City & Cnty. of San Francisco*, Case No. 3:04-cv-05459-MMC-JCS, 2006 WL 1390423, at *5 (N.D. Cal. May 18, 2006).

2
Case No. 5:13-cv-04507-BLF-PSG
ORDER GRANTING-IN-PART EEOC'S MOTION TO QUASH

EEOC urges that Ramirez's patient-psychotherapy privilege has not been waived. Some courts evaluate the waiver of the psychotherapist-patient privilege under standards articulated within Fed. R. Civ. P. 35(a). Rule 35 requires a showing that an issue is "in controversy" and there is "good cause" for the discovery.[7] Any psychological or counseling records should only be produced if Ramirez has placed her mental condition "in controversy."[8] Bare allegations of mental anguish, embarrassment and humiliation are insufficient.[9] Because (1) EEOC has not asserted a separate claim for intentional or negligent infliction of emotional distress, (2) there is no claim for a specific psychiatric injury or disorder, (3) there is no claim of unusually severe distress and (4) no mental health expert is expected to testify at trial,[10] EEOC concludes Ramirez's mental condition is not "in controversy" despite her prayer for damages related to emotional pain and suffering.[11]

---

[7] Fed. R. Civ. P. 35(a).

  (a) Order for an Examination.
  
  (1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--is *in controversy* to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
  
  (2) Motion and Notice; Contents of the Order. The order:
  
  (A) may be made only on motion for *good cause* and on notice to all parties and the person to be examined; and
  
  (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it. (emphasis added).

[8] *See O'Sullivan v. State of Minnesota*, 176 F.R.D. 325, 327 (D. Minn. 1997) (denying Rule 35 examination because plaintiff, who alleged emotional distress incident to employment discrimination, had not put her mental condition "in controversy").

[9] *See Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964) (concluding that the "in controversy" and the "good cause" requirements of Rule 35, were not satisfied "by mere conclusory allegations of the pleadings – nor by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each examination.).

[10] The EEOC also relies on *Fitzgerald v. Cassill* to support the narrow view. 216 F.R.D. 632. The *Fitzgerald* court adopted a narrow approach to waiver and concluded that because the plaintiffs (1) did not allege "unusually severe emotional distress" or (2) intend to affirmatively rely on communications between themselves and their health care providers, the psychotherapist/patient privilege had not been waived and plaintiffs' mental health records were not discoverable. *Id.* at 639. The court went on to note that while "the privilege may bar access to medical records, the

3
Case No. 5:13-cv-04507-BLF-PSG
ORDER GRANTING-IN-PART EEOC'S MOTION TO QUASH

Peters' Bakery disagrees. It cites *Doe v. City of Chula Vista*[12] and urges a more permissive perspective of psychotherapist-patient waiver is warranted. The *Chula Vista* court also noted the split in authority and the lack of appellate court guidance. The court concluded, however, that if the Supreme Court were to take up the issue it would likely adopt the permissive take because, although Congress declined to adopt the rule, the Supreme Court submitted a Proposed Supreme Court Standard 504(b) on the parameters of the psychotherapist-patient privilege to Congress with "exceptions to the privilege for conditions included in an element of a claim or defense."[13] The *Chula Vista* court explained that for the plaintiff to recover emotional damages against her employer, "Doe must prove that her employer's conduct proximately caused her specific injury" and thus "her emotional health, near the time of the Defendant's conduct is an issue in the litigation."[14] At bottom, the "discovery process" must "be fair to both parties, so that each side is able to present an effective and complete case to the jury."[15]

---

Defendant may cross-examine the Plaintiff about other stressors or contributing factors that may explain or have contributed to the alleged emotional distress." *Id.* at 638.

[11] *See* Docket No. 1 at E ("Order Defendant to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.").

[12] 196 F.R.D. 562 (S.D. Cal. 1999).

[13] *Id.* at 565.

> The Supreme Court had submitted a proposed Rule of Evidence on the psychotherapist-patient privilege to Congress. Although Congress declined to adopt the rule, the language of the proposed rule illuminates the Supreme Court's vision of the parameters of the privilege and the instances in which the privilege would be waived. The general rule of privilege was the same announced in *Jaffee*, that is, the patient has the privilege to refuse to disclose "confidential communications, made for the purpose of diagnosis or treatment of his mental or emotional condition." Proposed Supreme Court Standard 504(b). The Court proposed exceptions to the privilege for conditions included in an element of a claim or defense. Specifically, "[t]here is no privilege under this rule as to communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense." *Id.* 504(d)(3).

[14] *Id.* at 568.

[15] *Id.* at 569 (emphasis omitted).

4
Case No. 5:13-cv-04507-BLF-PSG
ORDER GRANTING-IN-PART EEOC'S MOTION TO QUASH

Another recent district court opinion also bolsters Peters' Bakery's position: *EEOC v. California Psychiatric Transitions*.[16] In that case, even though "no specific emotional injury was alleged, or no claim of intentional infliction of emotional distress was made, the only remedy the EEOC" sought on behalf of the plaintiff was for "emotional distress damages."[17] Emotional distress damages therefore constituted the "crux" of the plaintiff's claim.[18] The court did not permit the EEOC to seek recovery for emotional distress and "shield information related" to her claim or otherwise "hide the details" of her injury.[19]

Based on the record before the court, Peters' Bakery has the better of the argument. The facts of this case track *California Psychiatric Transitions*: the only damages sought by the EEOC are for emotional distress. Ramirez already has been financially compensated through a union

---

[16] 258 F.R.D. 391, 400 (E.D. Cal. 2009).

[17] *Id.*

> Given the facts of this case, the Court finds that the broad approach to the psychotherapist privilege should apply. Although no specific emotional injury was alleged, or no claim of intentional infliction of emotional distress was made, the only remedy the EEOC is seeking on behalf of Plaintiff Kennedy is emotional distress damages resulting from the alleged sexual harassment. Thus, the emotional distress damages is the crux of Plaintiff's claim. The fact that Ms. Kennedy is being treated for depression suggests that multiple causation for her emotional distress may exist. The emotional distress she allegedly suffered as a result of the sexual harassment could have been effected by her depression and vise versa. Defendant should be able to determine whether Plaintiff's emotional state may have been effected by something other than Defendant's alleged actions. "For each item of damages . . . the plaintiff must show that the damage was proximately caused by the defendant's unlawful conduct. In turn, the [defendant] is entitled to show that other factors contributed to the plaintiff's damages." *Doe v. City of Chula Vista*, 196 F.R.D. at 568 (S.D. Cal. 1999) (citations omitted).

[18] *Id.*

[19] *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. at 136.

> To allow Plaintiffs to make a claim for emotional distress, but shield information related to their claim, is similar to shielding other types of medical records. For instance, if the injury at issue were to the knee, and Plaintiff had sustained a subsequent knee injury requiring treatment, Plaintiffs would not be able to hide the details of the subsequent knee injury because of privilege or privacy considerations. In order to allege and recover for a harm, Plaintiffs need to show the existence and extent of the harm. The particular value of the harm is best left to the fact-finder, after a careful view of the facts. The only way to adequately review the facts is to bring to light relevant information.

5
Case No. 5:13-cv-04507-BLF-PSG
ORDER GRANTING-IN-PART EEOC'S MOTION TO QUASH

arbitration for the loss of her job.  Ramirez also has returned to her job.[20]  EEOC now seeks damages for stress and anxiety on behalf of Ramirez that were treated immediately after her termination.  To substantively evaluate the merits of the EEOC's claims, Peters' Bakery needs access to Ramirez's psychotherapy records.  Because these records are at the heart of EEOC's theory of recovery, and the EEOC bears the burden to establish that the Ramirez's privilege has not been waived,[21] it would be inequitable to bar discovery on this issue.

As Judge Austin explained in *California Psychiatric Transitions*: "To protect the records would allow Plaintiff to proceed with a claim on unequal terms.  If the EEOC wants a jury to compensate Plaintiff for emotional distress, Defendant should be able to explore in discovery, other circumstances that may have caused the injury.  The [presiding judge] can be the gatekeeper of the ultimate admissibility of the evidence through a Rule 403 balancing analysis at trial.[22]  A protective order,[23] and a direction that any of the disclosed material filed with the court must be done under seal, will protect [Ms. Ramirez's] privacy rights."[24]

Ramirez's psychotherapy records shall be produced.

---

[20] *See* Docket No. 32 at ¶ 7 ("At all times relevant, Charging Party Marcela Ramirez was a unionized employee of Peters' Bakery and through collective bargaining arbitration proceedings, she was returned to work with full back pay and benefits[.]").

[21] *See Stallworth v. Brollini*, 288 F.R.D. 439, 443 (N.D. Cal. 2012) (explaining that the burden falls on the party asserting the psychotherapist-patient privilege) (citing *Fitzgerald v. Cassil,* 216 F.R.D. 632, 636 (N.D. Cal. 2003)); *cf. United States v. Martin,* 278 F.3d 988, 999-1000 (9th Cir. 2002) (noting that burden is on party asserting attorney-client privilege to establish all elements of privilege, which includes no waiver).

[22] The undersigned's decision that certain information is or is not discoverable stands separate and apart from the presiding judge's subsequent evaluation of admissibility of evidence at trial.  That decision remains for another day.

[23] As previewed at the hearing, counsel shall meet and confer to work out a suitable protective order in this case without delay.

[24] *California Psychiatric Transitions*, 258 F.R.D. at 400 (internal footnote omitted).

### C. Ramirez's Medical Records

Here, too, the court is persuaded that the EEOC's allegations and claims have placed Ramirez's medical records "in controversy." As such, they are necessary for Peters' Bakery to substantively evaluate the EEOC's claims. Ramirez's medical records shall be produced.

### D. Ramirez's Medical Billing Records

Because the EEOC does not seek reimbursement for any of Ramirez's medical expenses, and Peters' Bakery has not articulated an otherwise compelling justification for their production, Ramirez's medical billing records need not be produced.

All documents required by this order shall be produced no later than August 20, 2014.

**IT IS SO ORDERED.**

Dated: August 6, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge