1

2

3                     UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                           SAN JOSE DIVISION

6

7   EQUAL EMPLOYMENT OPPORTUNITY              Case No.  13-cv-04507-BLF
    COMMISSION,
8                        Plaintiff,          ORDER GRANTING MOTION FOR
                                             RELIEF FROM NONDISPOSITIVE
9              v.                             PRETRIAL ORDER OF MAGISTRATE
                                             JUDGE
10  PETERS' BAKERY,
                                             [Re:  ECF 38]
11                       Defendant.

12

13          Before the Court is the Motion for Relief from Nondispositive Pretrial Order of Magistrate

14  Judge filed by plaintiff Equal Employment Opportunity Commission on August 19, 2014.  Pl.'s

15  Mot., ECF 38.  Pursuant to Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2, Plaintiff

16  challenges the portions of the magistrate judge's August 6, 2014 order denying its motion to quash

17  defendant Peters' Bakery's subpoena of charging party Marcela Ramirez's psychotherapy and

18  medical records.  Order at 2-7, ECF 37.  The undersigned ordered further briefing on Plaintiff's

19  Motion for Relief on August 22, 2014.  ECF 40.  Having carefully reviewed the parties' respective

20  written submissions, the Court GRANTS Plaintiff's motion for the reasons stated herein.

21  I.      BACKGROUND

22          This is a Title VII lawsuit brought by Plaintiff on behalf of the charging party, Marcela

23  Ramirez, for employment discrimination and other unlawful employment practices.  *See* Compl.,

24  ECF 1.  The parties presently dispute whether, by seeking damages for emotional distress caused

25  by such practices, Plaintiff has effectively waived Ms. Ramirez's psychotherapist-patient privilege

26  and should be required to produce her psychotherapy and medical records for the calendar year

27  2011.  Def.'s Opp. 2, ECF 41.  After surveying the law surrounding waivers of the privilege and

28  noting that there is "considerable disagreement among the district courts" regarding the applicable

United States District Court
Northern District of California

United States District Court
Northern District of California

1    waiver standard, the magistrate judge determined here that Plaintiff had waived the privilege.  *See*

2    Order at 2-6.

3         Specifically, the magistrate judge found that though she was initially terminated from her

4    job, Ms. Ramirez has been financially compensated through union arbitration and has since been

5    reinstated to her position.  Order at 5-6.  As such, Plaintiff in this lawsuit is *only* seeking "damages

6    for stress and anxiety on behalf of Ramirez that were treated immediately after her termination."

7    *Id.* at 6.  Based on these findings, the magistrate judge reasoned that this case is most similar to the

8    situation in *EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009), an out-

9    of-district case wherein the court found that the psychotherapist-patient privilege had been waived.

10   The magistrate judge thus concluded that Ms. Ramirez's psychotherapy records should be

11   produced because they "are at the heart of EEOC's theory of recovery."  Order at 6.  The

12   magistrate judge also concluded that Ms. Ramirez's medical records were likewise "in

13   controversy" and should be produced.  Order at 7.  Plaintiff seeks relief from both of these rulings.

14   **II.   LEGAL STANDARD**

15        A district court may refer nondispositive pretrial issues to a magistrate under 28 U.S.C. §

16   636(b)(1)(A).[1]  "A judge of the court may reconsider any pretrial matter under this subparagraph

17   (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to

18   law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); Civ. L.R. 72-2; *Bhan v. NME*

19   *Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).  On review of a nondispositive order, "the

20   magistrate's factual determinations are reviewed for clear error," and the district court may only

21   set aside those factual determinations if it is left with a "definite and firm conviction that a mistake

22   has been committed."  *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *see also*

23   *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999); *Burdick v. Comm'r Internal*

24   *Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992).  "[T]he magistrate's legal conclusions are

25   _____

26   [1] Subparagraph (A) exempts certain dispositive motions from reference.  "[A]ny motion not listed,
     nor analogous to a motion listed in [§ 636(b)(1)(A)], falls within the non-dispositive group of
27   matters which a magistrate may determine."  *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th
     Cir. 1990).  The parties have not argued that the discovery dispute decided by the magistrate judge
28   is subject to any standard of review other than that applicable to a nondispositive pretrial matter
     referred pursuant to § 636(b)(1)(A).

1    reviewed *de novo* to determine whether they are contrary to law." *Perry*, 268 F.R.D. at 348.

2           When a discovery order centers on a magistrate's determination of relevance, "the standard

3    of review in most instances is not the explicit statutory language, but the clearly implicit standard

4    of abuse of discretion*." Geophysical Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D.

5    Cal. 1987).  The court should not disturb the magistrate's relevance determination except where it

6    is based on "an erroneous conclusion of law or where the record contains no evidence on which

7    [the magistrate] rationally could have based that decision."  *Wolpin*, 189 F.R.D. at 422 (citation

8    omitted).  The implicit abuse of discretion standard does not apply to portions of a magistrate

9    judge's discovery order not concerned with relevance.  *Perry*, 268 F.R.D. at 348; *accord Wolpin*,

10   189 F.R.D. at 422-23; *Al-Kidd v. Gonzales*, No. CV:05-093-S-EJL-MHW, 2008 WL 2788418, at

11   *2 (D. Idaho July 17, 2008).

### III.    DISCUSSION

#### A.    Psychotherapy Records

14          Here, Plaintiff does not challenge any of the magistrate judge's factual findings.  As such,

15   the only question is whether the waiver standard that the magistrate applied in denying Plaintiff's

16   motion to quash Defendant's subpoena of Ms. Ramirez's psychotherapy and medical records is

17   contrary to law.  Plaintiff contends that the standard the magistrate judge applied is contrary to law

18   because it does not comport with the Supreme Court's reasoning in *Jaffee v. Redmond*, 518 U.S. 1

19   (1996), which recognized a psychotherapist-patient privilege protectable under Federal Rule of

20   Evidence 501 but did not address the question of waiver.  Pl.'s Mot. 2.  Defendant argues that

21   because there is no binding authority from the Ninth Circuit and considerable disagreement among

22   the districts concerning the appropriate standard to apply when determining whether the

23   psychotherapist-patient privilege has been waived, the magistrate judge's application of a broader

24   test for waiver is not "contrary to law."  Def.'s Opp. 3-5.

25          The magistrate judge carefully described the various interpretations of the waiver issue

26   post-*Jaffee*.  Order at 2-4.  The description of the broad, narrow, and middle ground waiver

27   standards need not be repeated here.  *See id.*; *see also Stallworth v. Brollini*, 288 F.R.D. 439, 443-

28   44 (N.D. Cal. 2012) (collecting cases).

1    Considering our Supreme Court's holding in *Jaffee*, it is this Court's determination that the

2    magistrate judge applied a standard that is contrary to the law in his determination of whether the

3    psychotherapist-patient privilege had been waived.  In holding that confidential communications

4    between a psychotherapist and his patients is protected from compelled disclosure, the Supreme

5    Court expressly rejected any sort of balancing test that would pit the relative importance of the

6    privacy interest against the evidentiary need for disclosure.  The Supreme Court stressed:

> "[I]f the purpose of the privilege is to be served, the participants in the confidential conversation 'must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all.'"

11   *Jaffee*, 518 U.S. at 18 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 393 (1981)).

12   Accordingly, numerous cases in this district have adopted either a narrow waiver standard

13   requiring affirmative reliance on privileged communications or a "limited broad" standard finding

14   no waiver where a plaintiff seeks only garden variety emotional distress damages.  *See Stallworth*,

15   288 F.R.D. at 443 (collecting cases).  Under these narrower standards, the primacy of the privacy

16   interest inherent in the privilege and *Jaffee*'s rejection of the balancing approach are the primary

17   considerations.

> "After *Jaffee*, a court cannot force disclosure of [psychotherapist-patient] communications solely because it may be extremely useful to the finder of fact.  Giving weight to the usefulness of the evidence as a factor in a decision regarding the scope of the privilege would be a balancing exercise that was barred by *Jaffee*."

21   *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636-37 (N.D. Cal. 2003) (quoting *Vanderbilt v. Town of*

22   *Chilmark*, 174 F.R.D. 225, 229 (D. Mass. 1997)); *see also Stallworth*, 288 F.R.D. at 443.

23   By contrast, under a broad waiver standard, the privilege is waived whenever the patient

24   places his mental condition at issue.  *See Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131 (E.D. Pa.

25   2001).  Waiver occurs even where there is no claim for specific or severe emotional injury or

26   claim for intentional infliction of emotional distress.  Fairness to the defendant in rebutting the

27   claim for garden variety emotional distress damages becomes the primary focus.  *California*

28   *Psychiatric Transitions*, 258 F.R.D. at 399-400.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Relying on the factually similar case of *California Psychiatric Transitions*, where the court

2  found that the emotional distress claim was the "crux of Plaintiff's claim," 258 F.R.D. at 400, the

3  magistrate judge applied the fairness considerations inherent in the broad waiver standard, which

4  balances the need of the defendant to obtain evidence to rebut the plaintiff's claim against the

5  plaintiff's privacy interests that are the essence of the privilege.  *See* Order at 5-6.  In this Court's

6  view, application of the broad waiver standard would violate the express holding of *Jaffee*

7  precluding any balancing of interests in determining whether the privilege has been waived and

8  would therefore be contrary to law.

9    In this case, it is true that the only claim asserted is for emotional distress damages.

10  However, the mere fact that Plaintiff asserts a single claim for relief does not alter the privilege

11  considerations.  Moreover, in its Motion to Quash, Plaintiff confirmed that the claim is only for

12  "garden variety" emotional distress damages and expressly stated that "there is no claim for a

13  specific psychiatric injury or disorder; there is no claim of unusually severe distress, and Plaintiff

14  will not have a mental health expert testify in its case."  Pl.'s Mot. to Quash 6, ECF 24.  Applying

15  either the narrow or limited broad waiver standards adopted in the vast majority of cases decided

16  in this district, the Court finds that Plaintiff has not waived the psychotherapist-patient privilege.

17  Plaintiff has made clear that no psychotherapist-patient communications will be affirmatively

18  relied upon to prove damages, nor will any expert testimony be submitted in support of the claim.

19  Furthermore, Plaintiff has not asserted a claim for intentional infliction of emotional distress or

20  any such claim for unusual or special damages.  These facts are consistent with the facts relied

21  upon by the magistrate judge in the underlying order and are not in any way contradicted by

22  Defendant.

23    Defendant retains the opportunity to cross-examine Ms. Ramirez concerning other

24  stressors in her life that may have contributed to her alleged emotional distress.  Defendant may

25  also discover the occurrences and dates of other psychotherapy prior to the incidents alleged in the

26  Complaint.  Defendant is further free to examine percipient witnesses or submit other evidence to

27  show that the claim is exaggerated or false.  All of these avenues of discovery provide ample

28  fairness to marshal evidence to defeat Plaintiff's claims, which have variously been described by

the courts as "ordinary or commonplace emotional distress" or "simple or usual." *Fitzgerald*, 216

F.R.D. at 637.  Accordingly, the Court finds that there has been no waiver of the psychotherapist-

patient privilege in this case, and Plaintiff's Motion for Relief is GRANTED with respect to the

portion of the magistrate judge's order denying Plaintiff's motion to quash production of Ms.

Ramirez's psychotherapy records.  Plaintiff is not required to produce those documents.

### B.   Medical Records

The subpoenas in question relate to both psychiatric and medical records from Kaiser

Permanente.  *See* Def.'s Opp. to Mot. to Quash Exh. A, ECF 34.  The magistrate judge ruled that

Plaintiff and Ms. Ramirez's claims have placed her medical records "in controversy" and thus

ordered that they be turned over in compliance with the subpoena.  Order at 7.  No further

elucidation of that ruling is provided.  To the extent that the medical records contain discussions

regarding Ms. Ramirez's psychological well-being, this Court's order *supra* applies equally to

those portions of the medical records.

In regard to the purely medical records, the Court agrees with Plaintiff that the underlying

order provides no discussion of the rationale for ordering disclosure of the records.  Thus, this

Court will review Plaintiff's Motion to Quash *de novo* as to those records.  *See Hirsch v. Zavaras*,

920 F. Supp. 148, 150 (D. Colo. 1996) (acknowledging lack of authority on this issue but applying

*de novo* review when magistrate judge ruled without any discussion of his rationale).  Defendant

has stated no opposition to Plaintiff's arguments for relief from the underlying order with respect

to medical records.

Upon *de novo* review of Plaintiff's Motion to Quash and opposition and reply briefs on the

issue of Ms. Ramirez's purely medical records, the Court determines that although the records are

relevant for discovery purposes, *i.e.* reasonably calculated to lead to the discovery of admissible

evidence, Plaintiff has not placed her physical medical condition at issue so as to effect a waiver of

her right to privacy.  *EEOC v. Lexus Serramonte*, 237 F.R.D. 220, 224 (N.D. Cal. 2006).

Although the court in *Lexus* was faced with a subpoena seeking the plaintiff's lifelong medical

United States District Court
Northern District of California

United States District Court
Northern District of California

1    records, that fact does not appear to have been determinative of the court's ruling.[2]  Instead, and

2    relevant to the instant inquiry, the *Lexus* court found that there was a right to privacy in medical

3    records found in the federal and California constitutions that was not waived by assertion of a

4    garden variety claim for emotional distress.  Significant in *Lexus*, as here, was the fact that the

5    plaintiff confirmed that she did not intend to offer the testimony of any medical expert and did not

6    assert damages for any physical injury.  *See id.* at 224-25; *see also Stallworth*, 288 F.R.D. at 444-

7    45; *Fitzgerald*, 216 F.R.D. at 635.

8         Moreover, in this case, the Court is concerned with the breadth of Defendant's subpoena in

9    light of the claims at issue here.  Though it is limited to records from 2011, there is no limitation

10   in scope.  The Court is aware that in the ordinary course of a person's medical history, ordinary

11   medical records could contain treatment for physical conditions wholly unrelated to any

12   conceivable claim in this case, such as gynecological records, screening and/or treatment for

13   cancer, injuries, and other common but unrelated matters.  Based on the foregoing, Plaintiff's

14   Motion for Relief is GRANTED with respect to the portion of the magistrate judge's order

15   denying Plaintiff's motion to quash production of Ms. Ramirez's medical records.  Plaintiff is not

16   required to produce those documents.

## IV.    ORDER

18        For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief

19   from Nondispositive Pretrial Order of Magistrate Judge is GRANTED in its entirety.

21   Dated: September 17, 2014

23   BETH LABSON FREEMAN
     United States District Judge

_____

[2] The *Lexus* court surely would have simply narrowed the scope of the subpoena to the relevant time period had that been the only stumbling block to disclosure.