UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>PETERS' BAKERY,<br><br>    Defendant. | Case No. 13-cv-04507-BLF<br><br>**ORDER DENYING DEFENDANT'S SECOND MOTION TO STAY PROCEEDINGS**<br><br>[Re: ECF 109] |

Before the Court is defendant Peters' Bakery's Second Administrative Motion to Extend the Stay of Case, ECF 109, whereby Defendant seeks to continue the stay of proceedings in this action pending resolution of Defendant's February 13, 2015 petition for writ of mandamus to the United States Court of Appeals for the Ninth Circuit. By way of background, the Court disqualified Defendant's counsel on December 22, 2014 and stayed proceedings for 30 days to allow Defendant to retain new counsel. *See* ECF 103. Defendant then sought an extension of the stay in order to prepare its petition for writ of mandamus, which this Court granted on January 14, 2015. *See* ECF 107. By its own terms, the extended stay was lifted on February 13, 2015. *See id.* For the reasons stated herein, the Court DENIES Defendant's motion.

"A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009). The factors are similar to those considered when issuing a preliminary injunction because "similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The first two factors of the traditional standard are the most

1   critical," and "[i]t is not enough that the chance of success on the merits be better than negligible."
2   *Id.* (internal quotations and citations omitted).  In this circuit, a stay may also issue where "the
3   likelihood of success is such that serious questions going to the merits were raised and the balance
4   of hardships tips sharply in [] favor [of the party requesting a stay]," provided that the irreparable
5   harm and public interest factors are also satisfied.  *Alliance for the Wild Rockies v. Cottrell*, 632
6   F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation marks omitted).  Under either
7   standard, "[t]he party requesting a stay bears the burden of showing that the circumstances justify
8   an exercise of that discretion."  *Nken*, 556 U.S. at 433-34.

9   Defendant has not demonstrated a likelihood of success on the merits of its petition for writ
10  of mandamus, nor even a serious question going to the merits.  "The remedy of mandamus is a
11  drastic one, to be invoked only in extraordinary situations."  *Kerr v. U.S. Dist. Court*, 426 U.S.
12  394, 402 (1976).  "[T]he district court has the prime responsibility for controlling the conduct of
13  lawyers practicing before it, and [] an order disqualifying counsel will not be disturbed if the
14  record reveals 'any sound' basis for the district court's action."  *In re Coordinated Pretrial*
15  *Proceedings in Petroleum Prods. Antitrust Litig.*, 658 F.2d 1355, 1358 (9th Cir. 1981) (citing
16  *Gas–A–Tron of Ariz. v. Union Oil Co. of Cal.*, 534 F.2d 1322, 1325 (9th Cir. 1976)); *see also In re*
17  *Atoptech, Inc.*, 565 F. App'x 912, 913 (Fed. Cir. 2014) (applying Ninth Circuit law to deny
18  mandamus petition challenging district court's disqualification of counsel).  This Court conducted
19  an evidentiary hearing, made findings of fact, and applied prevailing state law to those facts in
20  disqualifying Defendant's counsel from this action.  Defendant may dispute the Court's
21  conclusions from that exercise, but given the extraordinarily high standard for mandamus, this
22  Court is not persuaded that Defendant has raised any serious question on the merits of its petition
23  to the Ninth Circuit, let alone demonstrated a likelihood of success.

24  Recognizing the difficulty that a district court faces in determining the likelihood of a
25  party's success in overturning its own prior ruling, the undersigned has reviewed the parties'
26  arguments with a careful eye to the balance of hardships and potential injury to Defendant from
27  having to continue litigating this action with new counsel.  The disqualification of a party's first-
28  choice counsel is unquestionably harmful.  *See Cole v. U.S. Dist. Court For Dist. of Idaho*, 366

1   F.3d 813, 817 (9th Cir. 2004).  However, fact discovery in this action has not concluded—in fact,
2   this Court stayed discovery on October 30, 2014 pending resolution of the disqualification motion,
3   which disrupted a number of scheduled depositions—and trial is not set to begin until July.  Any
4   potential harm to Defendant from having to choose new counsel can be mitigated by adjustments
5   to the case schedule.  Moreover, Plaintiff and the charging party also have an interest in
6   completing discovery and obtaining timely justice, and it would be extremely prejudicial to them
7   to stay this action indefinitely pending a decision from the Ninth Circuit on Defendant's
8   mandamus petition.  Based on the foregoing, the Court concludes that a further stay of
9   proceedings would not be in the interest of justice, and Defendant's Second Administrative
10  Motion to Extend the Stay of Case is DENIED.

11  Pursuant to Federal Rule of Appellate Procedure 8(a)(2), Defendant may seek a stay from
12  the Ninth Circuit Court of Appeals.  This action shall proceed, and fact discovery shall re-open on
13  **March 25, 2015**.  Unless Defendant has obtained a stay from the Ninth Circuit by that date, the
14  Court expects new counsel to enter an appearance and work expeditiously with Plaintiff to
15  conclude discovery.  The parties are encouraged to meet and confer after the re-opening of
16  discovery to assess whether any adjustments need to be made to the case schedule.

17  **IT IS SO ORDERED.**

18  Dated: March 4, 2015

BETH LABSON FREEMAN
United States District Judge