**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>PETERS' BAKERY,<br><br>                    Defendant. | Case No.  13-cv-04507-BLF<br><br>**ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; AND SETTING HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Re:  ECF 132, 136] |

On July 2, 2015, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed an ex parte application for temporary restraining order ("TRO") and order to show cause re preliminary injunction, seeking to enjoin Defendant Peter's Bakery from terminating, disciplining, threatening, or harassing charging party Marcela Ramirez pending a hearing on a motion for preliminary injunction.  The application for TRO is GRANTED IN PART as set forth below and a hearing on the motion for preliminary injunction is HEREBY SET for July 17, 2015 at 1:30 p.m.

**I.    BACKGROUND**

The EEOC commenced this Title VII action on September 30, 2013, alleging that Defendant had subjected Ms. Ramirez to harassment and discrimination based upon her race/national origin, and had retaliated against her after she engaged in the protected activity of filing a charge with the EEOC.  The claims are based upon the acts of Defendant's majority owner, Charles Peters, who allegedly subjected Ms. Ramirez to comments such as, "Mexicans like you would rather lie than tell the truth," and "I never trusted your kind of people."  Compl. ¶ 8, ECF 1.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Mr. Peters fired Ms. Ramirez in August 2011.  Pet. to Confirm Arbitration Award, ECF 1

2    in Case No. 13-cv-00568-JST.  Following a union arbitration concerning the termination, the

3    arbitrator ordered Defendant to reinstate Ms. Ramirez with back pay.  *Id.* Exh. B.  However, Mr.

4    Peters refused to do so until Ms. Ramirez's union filed suit to enforce the arbitration award.  *Id.* ¶¶

5    7-8; *see also* Compl. ¶ 13.  The EEOC claims that Mr. Peters has continued to harass and retaliate

6    against Ms. Ramirez following her reinstatement, prompting the filing of this action.  Compl. ¶ 13.

7    The EEOC now seeks a TRO and a preliminary injunction enjoining Defendant from

8    terminating Ms. Ramirez once again and from disciplining or harassing her.  The EEOC has

9    presented evidence that shortly after arriving at work on June 30, 2015, Ms. Ramirez was called

10   into Mr. Peters' office, at which point he told her that she was being fired effective Friday, July 3,

11   2015.  Ramirez Decl. ¶¶ 1-4, ECF 134.  When asked for a reason, Mr. Peters stated, "You know

12   why.  I don't have to give you a fucking reason.  I don't like you.  You're done."  *Id.* ¶ 4.  Ms.

13   Ramirez then left the office, told the acting supervisor, Sabrena Righetti, what had occurred, and

14   asked Ms. Righetti to accompany her back into the office.  *Id.* ¶ 7.  Ms. Righetti did so, and asked

15   Mr. Peters why he was firing Ms. Ramirez, to which he responded, "My sanity, before I fucking

16   lose it and kill someone."  *Id.* ¶ 8.

17   Ms. Ramirez called her union representative, Tony Alexander, who arrived at the bakery

18   shortly thereafter.  *Id.* ¶ 10.  Mr. Alexander spoke to Mr. Peters, who stated that, "I'm firing her

19   for my mental health reasons; for my sanity.  I'm gonna lose my fucking sanity.  I'm gonna kill

20   someone."  Alexander Decl. ¶ 5, ECF 133.  Mr. Peters also said that Ms. Ramirez is a liar, that she

21   had lied about him being Portuguese, that Ms. Ramirez was the reason he was taking medication,

22   and that Ms. Ramirez had cost him a lot of lawyers.  *Id.* ¶ 7.

23   Plaintiff's counsel, Cindy O'Hara, attempted to reach Defendant's counsel, Victoria

24   Brooke, on June 30, 2015 by telephone and email.  O'Hara Decl. ¶ 3, ECF 135.  Ms. O'Hara

25   informed Ms. Brooke via email that the EEOC would be seeking a temporary restraining order.

26   *Id.*  During the same time frame, Mr. Peter's daughter, Cassie Peters, called Ms. Ramirez and told

27   her that she would "take care of" the problem within the week.  Ramirez Decl. ¶¶ 13-17.  On July

28   1, 2015, Ms. O'Hara communicated with Ms. Brooke via email and telephone.  O'Hara Decl. ¶¶ 6-

7. Ms. Brooke stated that as far as she knew, the termination of Ms. Ramirez still was set for July 3, 2015. *Id.* ¶ 8. Plaintiff EEOC filed the present application for TRO the following day, July 2, 2015. Defendant has not responded or contacted the Court indicating that it intends to respond.

## II.     LEGAL STANDARD

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. Alternatively, an injunction could issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other two *Winter* factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

## III.     DISCUSSION

### A.     Threatened Termination

The Court has little difficulty in concluding that a TRO is appropriate to enjoin Ms. Ramirez's termination pending a hearing on Plaintiff's motion for preliminary injunction. With respect to the first of the *Winter* factors, likelihood of success on the merits, the record evidence discussed above shows that Mr. Peters previously terminated Ms. Ramirez without cause; refused to comply with an arbitrator's order to reinstate her; used language on June 30, 2015 that gives rise to an inference of improper motive; and gave no legitimate business reason for terminating

United States District Court
Northern District of California

1   Ms. Ramirez.  Given the evidence of Defendant's current action to fire Ms. Ramirez, including a

2   direct reference to the cost of lawyers caused by Ms. Ramirez (showing a renewed retaliatory

3   motive), and viewing that evidence in light of the entire record, the Court concludes that the

4   EEOC is likely to succeed on its Title VII claims.

5        Turning to the second *Winter* factor, likelihood of irreparable harm absent a TRO, Ms.

6   Ramirez states in her declaration that if she loses her job at the bakery, she and her husband will

7   not have enough money to both pay their home mortgage and keep their children in private

8   Catholic school.  Ramirez Decl. ¶ 18.  Ms. Ramirez and her family also will lose the healthcare

9   benefits that she gets as an employee of the bakery.  *Id.* ¶ 19.  Ms. Ramirez did not graduate from

10  high school.  *Id.* ¶ 20.  She has worked at Peters' Bakery for more than fourteen years, has

11  established positive relationships with her coworkers and customers, and is a union member with

12  seniority.  *Id.*  The Court thus concludes that the charging party, Ms. Ramirez, is likely to suffer

13  irreparable harm absent a TRO.  Moreover, permitting Ms. Ramirez to be terminated under such

14  circumstances may well have a chilling effect on other employees who might wish to file charges

15  with the EEOC, and thus could interfere with the EEOC's mission.

16       With respect to the third and fourth *Winter* factors, the equities tip in favor of the EEOC,

17  which is attempting to vindicate Ms. Ramirez's rights in the face of precisely the type of conduct

18  exhibited by Mr. Peters when he informed her of her impending termination.  Moreover, granting

19  a TRO is in the public interest.  The EEOC cannot perform its duties to investigate and redress

20  employment discrimination and retaliation if employers are permitted to terminate charging parties

21  under circumstances such as those alleged in this case.

22       **B.      Discipline and Harassment**

23       The application for TRO is less compelling with respect to the request to enjoin any

24  discipline or harassment of Ms. Ramirez.  Specifically, the EEOC has failed to establish a

25  likelihood that such conduct is likely to cause irreparable injury absent a TRO.  Ms. Ramirez's

26  declaration focuses upon the repercussions of losing her job rather than the effects of Mr. Peters'

27  day-to-day conduct.  Ramirez Decl., ECF 134.  In fact, Ms. Ramirez's declaration makes clear that

28  despite Mr. Peters' conduct, she enjoys her job, has good friends at work, and takes "joy and

4

satisfaction" from her relationships with the regular bakery customers. *Id.* ¶ 20. Accordingly, the TRO will be limited to enjoining Defendant from terminating Ms. Ramirez.

## IV.   ORDER

(1)   Plaintiff's application for TRO is GRANTED IN PART. Defendant is hereby ENJOINED from terminating Ms. Ramirez's employment pending a hearing on Plaintiff's motion for preliminary injunction.

(2)   Any opposition to Plaintiff's motion for preliminary injunction shall be filed on or before July 8, 2015.

(3)   Any reply to shall be filed on or before July 13, 2015.

(4)   A hearing on Plaintiff's motion for preliminary injunction is set for July 17, 2015 at 1:30 p.m. in Courtroom 3, 5th Floor, 280 South 1st St., San Jose, CA 95113.

(5)   The Court finds, pursuant to Rule 65(c), that there is no likelihood that Defendant will be wrongfully enjoined or restrained by the issuance of this TRO, and therefore does not require Plaintiff to give security. *See* Fed. R. Civ. P. 65(c).

(6)   In order to ensure that the parties have adequate time to complete the briefing on Plaintiff's motion for preliminary injunction and to permit the Court to address the matter in an orderly fashion, the Court concludes that good cause exists to extend the expiration date of the TRO to July 17, 2015. *See* Fed. R. Civ. P. 65(b)(2).

**IT IS SO ORDERED.**

Dated: July 2, 2015

_____
BETH LABSON FREEMAN
United States District Judge