**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>PETERS' BAKERY,<br><br>    Defendant. | Case No. 13-cv-04507-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Re: ECF 132, 136] |

On July 2, 2015, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed an ex parte application for temporary restraining order ("TRO") and order to show cause re preliminary injunction, seeking to enjoin Defendant Peters' Bakery from terminating, disciplining, threatening, or harassing charging party Marcela Ramirez. On the same date, the Court issued an order granting the TRO in part and enjoining Defendant from terminating Ms. Ramirez pending a hearing on the motion for preliminary injunction, which was scheduled for July 17, 2015. The Court has considered the briefing, the oral argument presented at the hearing, and the applicable law. For the reasons discussed below, the preliminary injunction is GRANTED IN PART.

**I.    BACKGROUND**

The EEOC commenced this Title VII action on September 30, 2013, alleging that Defendant had subjected Ms. Ramirez to harassment and discrimination based upon her race/national origin, and had retaliated against her after she engaged in the protected activity of filing a charge with the EEOC. The claims are based upon the acts of Defendant's majority owner, Charles Peters, who allegedly subjected Ms. Ramirez to comments such as, "Mexicans like you would rather lie than tell the truth," and "I never trusted your kind of people." Compl. ¶ 8, ECF 1.

Mr. Peters fired Ms. Ramirez in August 2011. Pet. to Confirm Arbitration Award, ECF 1

in Case No. 13-cv-00568-JST. Following a union arbitration concerning the termination, the arbitrator ordered Defendant to reinstate Ms. Ramirez with back pay. *Id.* Exh. B. However, Mr. Peters refused to do so until Ms. Ramirez's union filed suit to enforce the arbitration award. *Id.* ¶¶ 7-8; *see also* Compl. ¶ 13. The EEOC claims that Mr. Peters has continued to harass and retaliate against Ms. Ramirez following her reinstatement, prompting the filing of this action. Compl. ¶ 13.

On June 30, 2015, Ms. Ramirez was called into Mr. Peters' office, at which point he told her that she was being fired effective Friday, July 3, 2015. Ramirez Decl. ¶¶ 1-4, ECF 134. When asked for a reason, Mr. Peters stated, "You know why. I don't have to give you a fucking reason. I don't like you. You're done." *Id.* ¶ 4. Ms. Ramirez then left the office, told the acting supervisor, Sabrena Righetti, what had occurred, and asked Ms. Righetti to accompany her back into the office. *Id.* ¶ 7. Ms. Righetti did so, and asked Mr. Peters why he was firing Ms. Ramirez, to which he responded, "My sanity, before I fucking lose it and kill someone." *Id.* ¶ 8.

Ms. Ramirez called her union representative, Tony Alexander, who arrived at the bakery shortly thereafter. *Id.* ¶ 10. Mr. Alexander spoke to Mr. Peters, who stated that, "I'm firing her for my mental health reasons; for my sanity. I'm gonna lose my fucking sanity. I'm gonna kill someone." Alexander Decl. ¶ 5, ECF 133. Mr. Peters also said that Ms. Ramirez is a liar, that she had lied about him being Portuguese, that Ms. Ramirez was the reason he was taking medication, and that Ms. Ramirez had cost him a lot of lawyers. *Id.* ¶ 7.

Counsel for the EEOC attempted to work the issue out informally with Defendant's counsel, but when that appeared to be impossible, the EEOC filed an application for TRO and order to show cause re preliminary injunction on July 2, 2015. On the same day, the Court issued an order granting the application for TRO in part and enjoining Defendant from terminating Ms. Ramirez pending a hearing on the motion for preliminary injunction.

Defendant filed a brief in opposition to the motion on July 8, 2015. *See* Def.'s Opp., ECF 140. Defendant presented a declaration of Mr. Peters wherein Mr. Peters states that Ms. Ramirez "has made it so uncomfortable for [him] at the bakery, that [he is] afraid to go there when she is working." Peters Decl. ¶ 7, ECF 140-1. Mr. Peters elaborates by stating that "Ms. Ramirez either ignores [him] completely or is openly hostile toward[s him], refuses to engage [him] in

2

conversation, excludes [him] from conversations, and gives [him] the impression that [he is] not welcome in [his] own business" and that such behavior causes him to "suffer immeasurable stress" so that he fears he will suffer another stroke. *Id.* Due to these circumstances, Mr. Peters felt he only had two options: to fire Ms. Ramirez or close the bakery completely. *Id.* Mr. Peters indicated in his declaration that he chose the former option, and "gave notice to Ms. Ramirez that she was being terminated and her last day of employment would be July 3, 2015." *Id.* at ¶ 8.

The EEOC filed a reply brief on July 13, 2015 and submitted evidence regarding the work schedules of both Ms. Ramirez and Mr. Peters. *See* Ramirez Second Decl. ECF 142. Ms. Ramirez works Monday through Saturday from 6:15 a.m. to 2:45 p.m. with either Monday or Tuesday off. *Id.* at ¶ 1. Mr. Peters generally comes into the bakery before Ms. Ramirez's shift begins and stays until 9:00 a.m. at the latest. *Id.* at ¶ 2.

## II. LEGAL STANDARD

A preliminary injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. Alternatively, an injunction could issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other two *Winter* factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

## III. DISCUSSION

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush*

3

1   *& Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*,

2  887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  The Court determined that the EEOC was entitled to

3  injunctive relief under this standard when the Court issued the TRO.  However, Defendant had not

4  yet had an opportunity to submit argument or evidence at that time.  Accordingly, the Court must

5  consider the relevant factors again in light of the new evidence presented by Defendant in its

6  opposition and by the EEOC in its reply.

7        As an initial matter, the Court addresses Defendant's argument that the EEOC is seeking a

8  mandatory injunction *reinstating* Ms. Ramirez and thus that the EEOC has a heavier burden than

9  if it were merely seeking to preserve the status quo.  Defendant's argument is not supported by the

10  evidence, which establishes that Ms. Ramirez was notified on June 30, 2015 that she would be

11  terminated as of the end of her shift on July 3, 2015.  Mr. Peters made this clear in his declaration,

12  in which he stated that he: "gave notice to Ms. Ramirez that she was being terminated and her last

13  day of employment would be July 3, 2015." Peters Decl. ¶ 7, ECF 140-1.  The TRO enjoining

14  Ms. Ramirez's termination issued on July 2, 2015, the day before what would have been her last

15  date of employment absent the TRO.  Thus the issue is not whether Ms. Ramirez may be

16  reinstated, but whether her employment status should be preserved pending resolution of this

17  litigation.

18        The Court notes that the EEOC would be entitled to relief on this record even if it were

19  requesting reinstatement.  In *Garcia v. Lawn*, 805 F.2d 1400, 1405 (9th Cir. 1986), the Ninth

20  Circuit had to decide whether the plaintiff's application for a preliminary injunction to enjoin his

21  transfer to Detroit was rendered moot by his termination from employment while the application

22  was pending.  Deciding that the Court possessed the power to reinstate the plaintiff to his former

23  position, the Ninth Circuit reasoned that "after a defendant has been notified of the pendency of a

24  suit seeking an injunction against him . . . he acts at his peril and subject to the power of the court

25  to restore the status." *Id.* at 1403 (internal quotation marks and citation omitted).  The Ninth

26  Circuit further indicated that "courts of equity have broad discretion in shaping remedies." *Id.*

27  Therefore, the Court would have broad authority to grant preliminary injunctive relief reinstating

28  Ms. Ramirez, especially considering that reinstatement is a form of relief provided for by Title

VII. *See* 42 U.S.C. § 2000e-5(g)(1).

Turning to the *Winter* factors, the Court reviews anew the entire record submitted. Considering that evidence, as discussed below, the Court concludes that the equities favor granting the requested preliminary injunction.

### A. Threatened Termination

With respect to the first of the *Winter* factors, likelihood of success on the merits, the Court finds here, consistent with the ruling on the TRO, the EEOC has submitted evidence that Mr. Peters previously terminated Ms. Ramirez without cause; refused to comply with an arbitrator's order to reinstate her; used language on June 30, 2015 that gives rise to an inference of improper motive; and gave no legitimate business reason for terminating Ms. Ramirez. After considering Defendant's recent actions, including Mr. Peters' firing of Ms. Ramirez along with his direct reference to the cost of lawyers caused by Ms. Ramirez's litigation against him (showing a renewed retaliatory motive), and the record as a whole, the Court concludes that the EEOC is likely to succeed on its Title VII claims.

The Court is further persuaded that the EEOC has satisfied the second *Winter* factor, likelihood of irreparable harm absent injunctive relief. Ms. Ramirez states in her declaration that if she loses her job at the bakery, she and her husband will not have enough money to pay their home mortgage and keep their children in private Catholic school. Ramirez Decl. ¶ 18. Ms. Ramirez and her family also will lose the healthcare benefits that she receives as an employee of the bakery. *Id.* ¶ 19. Ms. Ramirez did not graduate from high school. *Id.* ¶ 20. She has worked at Peters' Bakery for more than fourteen years, has established positive relationships with her coworkers and customers, and is a union member with seniority. *Id.* Such evidence shows that Ms. Ramirez will likely suffer irreparable harm absent injunctive relief. Furthermore, permitting Ms. Ramirez to be terminated under such circumstances may well have a chilling effect on other employees who might wish to file charges with the EEOC, and thus could interfere with the EEOC's mission. *See Garcia*, 805 F.2d at 1405 (holding that the defendant's transfer of the plaintiff from his job post in Los Angeles to Detroit after the plaintiff's efforts to assert his Title VII rights was retaliatory activity, and that such activity can constitute irreparable harm due to its

5

chilling effect on others seeking to vindicate their Title VII rights).  Based on this evidence, the Court finds that the charging party, Ms. Ramirez, and the EEOC are likely to suffer irreparable harm absent injunctive relief.  Defendant has not submitted any evidence that would persuade the Court to reach a different conclusion.

With respect to the third and fourth *Winter* factors, the balance of the equities and whether an injunction is in the public interest, the Court concludes that the equities tip in favor of the EEOC, which is acting in the public's interest by attempting to vindicate rights guaranteed by Title VII.  Defendant suggests in its opposition that the equities favor denying injunctive relief because Ms. Ramirez's presence is so stressful to Mr. Peters that her continued employment will impair his mental and physical health.  Def.'s Opp. 6-7, ECF 140.  The Court is sensitive to Mr. Peters' health issues, as it would be to the health issues of any litigant.  However, Mr. Peters is the boss – his hours at the bakery are wholly within his own control.  Ms. Ramirez, as an employee of the bakery, has no control over her work hours that may overlap with Mr. Peters'.  While altering his hours so as to avoid Ms. Ramirez might inconvenience Mr. Peters, any such inconvenience is far outweighed by the irreparable harm that would be imposed upon Ms. Ramirez if she were fired.  Moreover, every litigation imposes stress on its participants.  Taken to its logical conclusion, Defendant's argument would mean that any time an employee sues an employer under Title VII, the employer may fire the employee to avoid being stressed by the employee's presence in the workplace.  Clearly, such a result would not be in the public interest.

At the hearing, Defendant's counsel questioned why Ms. Ramirez wants to keep working at the bakery given the conflict between herself and Mr. Peters.  Counsel suggested that the best course for all involved would be to permit Defendant to terminate Ms. Ramirez and that any harm caused by termination would be compensated by money damages in the event that the EEOC prevails on this lawsuit.  Counsel's suggestion glosses over the realities of Ms. Ramirez's situation.  Ms. Ramirez's declaration makes clear that she needs this job in order to pay her mortgage and keep her kids in school.  While Mr. Peters' presence at the bakery may cause Ms. Ramirez stress, few people have the luxury to simply leave a job when there is conflict with the boss.  Ms. Ramirez did not graduate from high school.  She has worked at Peters' Bakery for more

6

than fourteen years. She is a union member with seniority. The bakery provides her family with healthcare. The Court has no difficulty understanding why Ms. Ramirez wishes to keep her job and why the EEOC has intervened on her behalf to prevent Defendant from terminating her.

Finally, the Court must address Defendant's suggestion that Mr. Peters may close the bakery if he cannot terminate Ms. Ramirez. First, the Court looks with extreme disfavor upon what appears to be an attempt to influence the Court's decision by means of a threat to put a number of people out of work if the requested relief is granted. Second, the Court advises Defendant and its counsel to review the law on retaliatory actions in violation of Title VII. *See Ray v. Henderson*, 217 F.3d 1234, 1237 (9th Cir. 2000) (holding that the defendant's decision to eliminate employee meetings, eliminate its flexible starting time policy, institute a "lockdown" of the workplace, and cut the plaintiff's salary constituted a retaliatory adverse action following the plaintiff's attempt to assert his Title VII rights).

### B. Discipline and Harassment

Although the EEOC sought a TRO to enjoin both termination and discipline/harassment, the Court issued a TRO only as to the threatened termination. At the hearing on the motion for preliminary injunction, the EEOC's counsel reiterated the request for injunctive relief as to discipline and harassment. Having reviewed the record, the Court concludes that the evidence regarding harm to Ms. Ramirez and to the EEOC relates to the effects of termination rather than the effects of discipline or harassment. Moreover, such an injunction would be hopelessly vague to the point of threatening Defendant's due process rights. Thus, the Court limits injunctive relief to an order precluding Ms. Ramirez's termination.

### IV. ORDER

Plaintiff's application for preliminary injunction is GRANTED IN PART. Defendant is hereby ENJOINED from terminating Ms. Ramirez's employment pending resolution of this lawsuit or until further order of the Court.

Dated: July 22, 2015

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge