1

2

3                    **UNITED STATES DISTRICT COURT**

4                  **NORTHERN DISTRICT OF CALIFORNIA**

5                          **SAN JOSE DIVISION**

6

7    EQUAL EMPLOYMENT OPPORTUNITY         Case No.  13-cv-04507-BLF
     COMMISSION,

8                   Plaintiff,
                                          **ORDER DISCHARGING ORDER TO**
9           v.                            **SHOW CAUSE**

10   PETERS' BAKERY,

11                  Defendant.

12

13          For the reasons discussed below, and having considered the parties' briefing and the oral

14   argument presented at the hearing on January 7, 2016, the Court hereby DISCHARGES the Order

15   to Show Cause Re: Contempt ("OSC") issued on December 24, 2015.

16          "The standard for finding a party in civil contempt is well settled:  The moving party has

17   the burden of showing by clear and convincing evidence that the contemnors violated a specific

18   and definite order of the court."  *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)

19   (quoting *Stone v. City and Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).  The

20   contempt need not be willful; it does not matter what the intent of the contemnors was when they

21   violated the court's order.  *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th

22   Cir. 1987).  Parties who violate a court order may escape contempt only by showing that they were

23   unable to comply despite taking all reasonable steps within their power to insure compliance.  *Id.*

24          Plaintiff sought an OSC re contempt in this case based upon its assertion that Defendant's

25   owner, Charles Peters, had instructed Ms. Ramirez's supervisor not to schedule Ms. Ramirez for

26   any work shifts after December 31, 2015 and to cancel any 2016 work shifts for which Ms.

27   Ramirez already had been scheduled.  Plaintiff argued in its moving papers that the reduction of

28   Ms. Ramirez's hours to zero constituted a termination of her employment in violation of the

*United States District Court*
*Northern District of California*

1   preliminary injunction currently in effect in this case, which enjoins Defendant from terminating

2   Ms. Ramirez's employment pending resolution of this lawsuit.  *See* Order Granting Pl.'s Motion

3   for Preliminary Injunction, ECF 146.  The Court issued the OSC on that basis.

4        Defendant's written response to the OSC clarified that while Ms. Ramirez will not be

5   scheduled for work hours, she will continue to receive her wages and medical insurance.  At the

6   hearing, Defendant's counsel represented that Ms. Ramirez will continue to be paid her wages on

7   a weekly basis, as she has been paid in the past, pending resolution of this lawsuit.  While

8   Plaintiff's counsel expressed Ms. Ramirez's preference to continue actually working on-site at the

9   bakery, counsel has not cited any authority for the proposition that placing an employee on fully

10  paid leave constitutes a constructive termination.  The cases the Court has discovered in its own

11  research hold to the contrary.  *See, e.g., Herzog v. Banner Churchill Cmty. Hosp.*, No. 3:09-CV-

12  567-ECR-RAM, 2010 WL 1418867, at *4 (D. Nev. Apr. 7, 2010) (employee who initially was

13  told that she would be terminated and then negotiated paid administrative leave pending

14  investigation failed to state claim for constructive termination).  Based upon the representation of

15  Defendant's counsel that Ms. Ramirez will continue to receive her wages and medical insurance,

16  the Court concludes that Plaintiff has not established a violation of the preliminary injunction.

17       Accordingly, the OSC is hereby DISCHARGED.

18       **IT IS SO ORDERED.**

19

20  Dated:  January 7, 2016

21  _____

22  BETH LABSON FREEMAN
    United States District Judge

23

24

25

26

27

28

United States District Court
Northern District of California

2