**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>PETERS' BAKERY,<br><br>    Defendant. | Case No. 13-cv-04507-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>[Re: ECF 165] |

Plaintiff Equal Employment Opportunity Commission ("EEOC") seeks leave to amend its complaint against Defendant Peters' Bakery to add allegations of post-complaint acts of retaliation against Charging Party Marcela Ramirez ("Ramirez"). For the reasons discussed below, the motion is DENIED.

### I. BACKGROUND

The EEOC commenced this action on September 30, 2013, alleging that Defendant subjected its employee, Ms. Ramirez, to harassment, discrimination, and retaliation in violation of Title VII since at least December 2010. The short six-page complaint asserts two claims. Claim 1 alleges that Defendant's majority owner, Charles Peters, harassed and discriminated against Ms. Ramirez on the basis of her race and national origin. The alleged harassment and discrimination took the form of "repeated offensive and derogatory remarks, epithets and jokes about Charging Party's race/national origin, including but not limited to 'Mexicans like you would rather lie than tell the truth,' and 'I never trusted your kind of people.'" Compl. ¶ 8. The bakery also allegedly discharged Ms. Ramirez from employment due to her race/national origin.[1] Claim 2 alleges that Defendant retaliated against Ms. Ramirez for filing an EEOC discrimination charge against it. Specifically, Claim 2 alleges that Defendant filed a retaliatory defamation claim against Ms.

---

[1] Ms. Ramirez subsequently was reinstated to her employment. At this time, she is on paid leave pending disposition of this lawsuit.

Ramirez, refused to pay Ms. Ramirez's back wages and benefits following her reinstatement to employment, subjected Ms. Ramirez to retaliatory discipline, and circulated copies of Ms. Ramirez's EEOC charges to Ms. Ramirez's coworkers in an effort to isolate Ms. Ramirez and chill other bakery employees from supporting her.  Compl. ¶ 13.

The deadline for amendment of the pleadings expired in May 2014 and the deadline for disclosure of experts expired in October 2014.  Case Management Order, ECF 22.  Fact discovery initially was set to close in September 2014, *id.*, but it was stayed pending resolution of Plaintiff's motion to disqualify defendant's counsel, *see* Order Granting Motion to Stay Discovery, ECF 68; reopened in March 2015, *see* Order Denying Defendant's Second Motion to Stay Proceedings, ECF 114; and ultimately closed in October 2015, *see* Amended Stipulated Discovery Plan, ECF 147.  The deadline for hearing dispositive motions is April 14, 2016*, see* Case Management Order, ECF 131, and Plaintiff has filed a motion for partial summary judgment which is set for hearing on that date, *see* Pl.'s Mot. for Partial Summary Judgment, ECF 168.  The Final Pretrial Conference in this case is set for June 23, 2016, and trial is set for July 11, 2016.  *See* Case Management Order, ECF 131.

Plaintiff now seeks leave to file an amended complaint adding allegations of retaliatory acts that have occurred since the filing of the original complaint.  Plaintiff seeks to add the following paragraph to its claim for retaliation under Title VII (Claim 2):

> Subsequent to the filing of the initial Complaint in the instant action, Defendant took additional retaliatory adverse actions against Charging Party, including but not limited to terminating Charging Party from employment in July of 2015, necessitating a restraining order and preliminary injunction to prohibit the termination; removing Charging Party from the work schedule beginning in December of 2015; refusing to pay Charging Party the full wages to which she would be entitled but for her being taken off the schedule; and by informing the other employees that Defendant would cease operations, putting all employees out of work, if Charging Party did not leave her employment with Defendant.

Proposed First Amended Compl., ECF 166-1.

Defendant has filed a conditional non-opposition to Plaintiff's request for leave to amend, stating that it will not oppose the proposed amendment providing that:  Defendant be granted leave to take discovery regarding the new issues; Defendant be granted leave to disclose experts regarding the new issues; the July 2016 trial date be continued to permit Defendant time to take

discovery and disclose experts; and Defendant be relieved from its obligation to pay Ms. Ramirez's wages for all periods beyond the current July 2016 trial date.

In reply, Plaintiff indicates that it does not object to limited discovery regarding the additional incidents of retaliation, but it does oppose Defendant's request for leave to disclose experts, continuance of the trial date, and Defendants' suggestion that it be relieved of its obligation to pay Ms. Ramirez's wages.

## II. LEGAL STANDARD

Plaintiff brings its motion under Federal Rule of Civil Procedure 15(a), under which leave to amend should be freely granted "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *see also AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."). However, Plaintiff's motion is not governed solely by Rule 15(a). "Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson*, 975 F.2d at 607-08.

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Only if the moving party establishes good cause to modify the scheduling order under Rule 16 should the Court consider whether the moving party also has demonstrated that amendment is appropriate under Rule 15(a). *Johnson*, 975 F.2d at 608; *Rodarte v. Alameda Cty.*, No. 14-CV-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) ("If, however, the moving party has shown good cause under Rule 16(b), it must then demonstrate that its motion is also proper under Rule 15.").

## III. DISCUSSION

### A.   Rule 16(b)(4)

"Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule

3

1  if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*
2  (internal quotation marks and citation omitted). "Although the existence or degree of prejudice to
3  the party opposing the modification might supply additional reasons to deny a motion, the focus of
4  the inquiry is upon the moving party's reasons for seeking modification." *Id.*

5        Here, Plaintiff seeks to add allegations to its retaliation claim regarding post-complaint acts
6  that occurred in July 2015 and December 2015. Plaintiff has not demonstrated diligence with
7  respect to the July 2015 acts, as it waited more than seven months to seek leave to amend.
8  Plaintiff acted more diligently with respect to the December 2015 acts, as its motion for leave to
9  amend was filed seven weeks after those acts occurred. However, even a seven-week delay is
10 significant given the fast-approaching dispositive motions hearing (April 14, 2016), pretrial
11 conference (June 23, 2016), and trial date (July 11, 2016). Plaintiff's motion makes clear that
12 Plaintiff seeks to add the proposed allegations as bases for *new retaliation claims*. *See* Pl.'s
13 Motion at 4, ECF 165 ("Any and all of these [newly alleged] actions can form the basis for a Title
14 VII retaliation claim."). The injection of new claims at this late date in the litigation would require
15 modification not only of the deadline for amendment of the pleadings, which expired almost *two*
16 *years ago* in May 2014, but also the deadline for fact discovery, which lapsed *six months ago*.
17 Moreover, contrary to Plaintiff's assertion that no other modifications would be necessary, the
18 Court is persuaded that permitting the proposed amendment might necessitate extension of the
19 expert disclosure cut-off and certainly would necessitate continuance of the dispositive motions
20 deadline, pretrial conference, and trial date. Given the Court's current trial schedule, the next
21 available trial date would be in 2017 or possibly 2018. The Court concludes that Plaintiff's desire
22 to add new retaliation claims does not constitute good cause to disrupt the case schedule so
23 completely, particularly given Plaintiff's significant delay in seeking leave to amend.

24     **B.**    **Rule 15(a)**

25       Even if it were to conclude that Plaintiff had met the good cause standard of Rule 16(b),
26 the Court would conclude that Plaintiff has not satisfied Rule 15(a). As noted above, a court
27 generally will grant leave to amend "unless amendment would cause prejudice to the opposing
28 party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607; *see also*

*AmerisourceBergen*, 465 F.3d at 951. There is no suggestion in the record that Plaintiff's motion is brought in bad faith or that the proposed new claims are futile. However, for the reasons discussed above, the Court concludes that Plaintiff delayed unduly before bringing this motion. Moreover, allowing the proposed amendment would prejudice Defendant because it would require continuance of the trial date for at least a year, and Defendant would be required to pay Ms. Ramirez's wages for that entire period. Although Defendant has requested an order excusing it from paying Ms. Ramirez's wages for any period subsequent to the current July 2016 trial date, Defendant has not provided the Court with any authority that would support such an order.

These facts distinguish the present case from each of the cases upon which Plaintiff relies in asserting that amendment to add new factual allegations "is routinely allowed." Pl.'s Mot. 5, ECF 165. In *Berkeley-Dorchester*, no scheduling ordered had been entered. *Berkeley-Dorchester Counties Econ. Dev. Corp. v. U.S. Dep't of Health & Human Servs.*, 395 F. Supp. 2d 317, 325 (D.S.C. 2005). In *English*, the court found that "the action is still in discovery and no useful purpose would be served by denying leave to amend the factual allegations of the complaint." *English v. Gen. Elec. Co.*, 765 F. Supp. 293, 297 (E.D.N.C. 1991) *aff'd,* 977 F.2d 572 (4th Cir. 1992). And finally, in *Hirshhorn*, the court found that the amendment added "little, if anything," and that there was no resulting prejudice to defendants. *Hirshhorn v. Mine Safety Appliances Co.*, 101 F. Supp. 549, 553 (W.D. Pa. 1951) *aff'd sub nom. Hirshorn v. Mine Safety Appliances Co.*, 193 F.2d 489 (3d Cir. 1952).

**III. ORDER**

Plaintiff's motion for leave to amend the complaint is DENIED.

Dated: April 4, 2016

_____
BETH LABSON FREEMAN
United States District Judge