UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PETERS' BAKERY,<br><br>Defendant. | Case No.  13-cv-04507-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[RE:  ECF 168]** |

Plaintiff Equal Employment Opportunity Commission ("EEOC") sues Defendant Peters' Bakery ("the Bakery") for harassment of, and discrimination and retaliation against, one of the Bakery's employees, Charging Party Marcela Ramirez.  The EEOC seeks partial summary judgment that the Bakery's owner, Charles Peters,[1] sued Ms. Ramirez for defamation in retaliation for Ms. Ramirez's filing of an EEOC discrimination charge against the Bakery.  The EEOC's motion is DENIED for the reasons discussed below.

**I.    BACKGROUND[2]**

Ms. Ramirez, who is identified in the complaint as a "Hispanic employee," has worked for the Bakery for many years.  On September 27, 2011, Ms. Ramirez filed an EEOC charge against the Bakery alleging discrimination based on race and national origin and retaliation based upon protected activity.  EEOC Charge, Exh. 2 to O'Hara Decl., ECF 169-1.  On November 3, 2011, the EEOC issued a Notice of Charge of Discrimination informing the Bakery of the charge asserted by

---

[1] It appears that at the time the lawsuit was filed, Peters was the Bakery's majority owner, and that since then he has become the Bakery's sole owner.  The precise timing of Peters' acquisition of sole ownership of the Bakery is not material to the motion before the Court.

[2] The facts set forth in the Background section are undisputed unless otherwise noted by the Court.

Ms. Ramirez. Notice of Charge, Exh. 2 to O'Hara Decl., ECF 169-1. On April 19, 2012, Mr. Peters filed a defamation action against Ms. Ramirez in the Small Claims Division of the Santa Clara County Superior Court, alleging defamation occurring on November 3, 2011 (the date of the EEOC Notice of Charge of Discrimination). Defamation Compl., Exh. 3 to O'Hara Decl., ECF 169-1.

The EEOC filed this lawsuit against the Bakery on September 30, 2013, asserting two claims under Title VII against the Bakery based upon Mr. Peters' conduct toward Ms. Ramirez. Claim 1 alleges that Mr. Peters harassed and discriminated against Ms. Ramirez on the basis of her race and national origin. Claim 2 alleges that the Bakery retaliated against Ms. Ramirez after she engaged in the protected activity of filing an EEOC charge by, among other things, subjecting her to the defamation action filed by Mr. Peters; refusing to pay her back wages and benefits following her reinstatement to employment pursuant to a labor arbitration; subjecting her to retaliatory discipline; and circulating a copy of her EEOC charge to her co-workers in an attempt to chill support for her.

The EEOC now seeks partial summary judgment with respect to Claim 2, specifically, that Mr. Peters' defamation action against Ms. Ramirez constituted unlawful retaliation for protected activity.

**II.  LEGAL STANDARD**

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). The moving party has the burden of establishing that there is no dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "[T]he 'mere existence of a scintilla of evidence in support of the plaintiff's position'" is insufficient to defeat a motion for summary judgment. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there

is no genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

Under the above standard, the EEOC must demonstrate that there is no disputed material fact as to any element of its retaliation claim based upon Mr. Peters' filing of the defamation action against Ms. Ramirez. The relevant provision of Title VII, referred to as the "antiretaliation provision" in the case law, provides in relevant part that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). The elements of a prima facie retaliation claim under this provision are: "(1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008). Because the EEOC has not sought adjudication on any of the individual elements of its retaliation claim, the Court considers only whether the EEOC has established an entitlement to partial summary judgment of its retaliation claim (Claim 2) to the extent that it is based upon Mr. Peters' defamation action.

As to the first element, it is undisputed that Ms. Ramirez filed an EEOC charge against the Bakery, and that the filing of that charge constituted protected activity.

As to the second element, it is well established that the "[t]he scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). To establish an adverse action the "plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (internal quotation marks and citation omitted). It appears self-evident that the filing of a defamation lawsuit against an employee could dissuade a reasonable worker in that employee's shoes from making or supporting a charge of discrimination. *See Equal Employment Opportunity Comm'n v. Virginia Carolina*

3

1  *Veneer Corp.*, 495 F. Supp. 775, 778 (W.D. Va. 1980) (finding unlawful retaliation by employer
2  who filed a defamation action against an employee in response to her discrimination charges).
3  Defendant argues that the filing of *his* defamation action in this particular case did not dissuade
4  Ms. Ramirez from pursuing her charge and, in fact, three of her co-workers showed up at her
5  defamation hearing to support her. Defendant's argument is unpersuasive, as the standard is
6  objective, and looks to whether *a reasonable employee* may be dissuaded from pursuing or
7  supporting such charges.[3]

8  The EEOC's motion turns on the third element, the causal link between the employer's
9  conduct and the protected activity. In order to establish this element, "a plaintiff making a
10 retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for
11 cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133
12 S. Ct. 2517, 2534 (2013) (rejecting motivating factor test for retaliation claim). The EEOC argues
13 that the record evidence gives rise to only one inference, that Mr. Peters filed the defamation
14 action against Ms. Ramirez *because* Ms. Ramirez filed an EEOC charge against the Bakery. In
15 support of that argument, the EEOC cites to the following excerpt of Mr. Peters' deposition
16 testimony:

> Q. [By Ms. O'Hara, Counsel for EEOC] Mr. Peters, did you file an action in small claims court against Ms. Ramirez?
> A. [By Mr. Peters] I did, yes. The bakery didn't.
> Q. Okay. But you did that personally?
> A. Yes.
> Q. And why did you do that?
> A. Defamation of character.
> Q. Okay. And what did you believe that was defamation of character?
> A. The things she said on that statement about me being racist. And I'm not a racist. She said, she claims that I'm Portuguese. I am not Portuguese. I am Portuguese descent, but I'm an American. I wasn't in the Portuguese Army. I was drafted into the American Army.
> Q. And so it was the things that she said when you said "the statement," you're talking about the EEOC charge, Exhibit 1 there; is that right?
> A. Yeah. And I've also got a copy and I'm sure it's in the file there.

25 Peters Dep. 78:18-79:12, Exh. 1 to O'Hara Decl., ECF 169-1. The EEOC also points out that Mr.

---

[3] The EEOC asserts that Mr. Peters' filing of the defamation action against Ms. Ramirez is attributable to the Bakery given Mr. Peters' ownership interest in the Bakery. The Bakery has not offered any argument on this point and thus concedes it.

4

Peters' defamation complaint stated on its face that the defamation occurred on November 3, 2011, the date of the EEOC Notice of Charge of Discrimination. Notice of Charge, Exh. 2 to O'Hara Decl., ECF 169-1; Defamation Compl., Exh. 3 to O'Hara Decl., ECF 169-1.

In opposition to the motion, the Bakery argues that the EEOC excluded critical testimony from Mr. Peters' deposition excerpt, and that the excluded testimony gives rise to a reasonable inference that Mr. Peters filed the defamation action at least in part because of statements that Ms. Ramirez published on the Internet. The testimony excluded from the EEOC's citation reads as follows:

> Q. And so it was the things that she said when you said "the statement," you're talking about the EEOC charge, Exhibit 1 there; is that right?
> A. Yeah. And I've also got a copy and I'm sure it's in the file there. **The EEOC filed – they've been published on the Internet.**
> **Q. Is that right?**
> **A. Yes.**
> **Q. Where did you see them on the Internet?**
> **A. My girlfriend found them.**

Peters Dep. 79:8-17, Exh. 1 to O'Hara Decl., ECF 169-1 (emphasis added). The Bakery also cites to the following statements from Mr. Peters' declaration:

> After receiving notice that Marcela Ramirez had filed charges against me with the EEOC claiming that I was a racist, my girlfriend found and showed me publications on the internet where Marcela Ramirez claimed I was a racist. **I was very upset about being accused of being a racist on the internet. So I filed a defamation lawsuit in small claims court.** When I went to the small claims court to file the action, a clerk at the court asked me a few questions and wrote on the form that I signed.

Peters Decl. ¶ 3, ECF 176-2 (emphasis added).

The EEOC objects to Mr. Peters' deposition and declaration statements regarding his girlfriend's discovery of racism accusations on the Internet, asserting that the challenged statements constitute inadmissible hearsay under Federal Rule of Evidence 802 and are conclusory.[4] The statements do not constitute hearsay, as they are not presented for the truth of

---

[4] The EEOC's submission of evidentiary objections in a separate document violates this Court's Civil Local Rules, which require that evidentiary objections be contained within the reply brief. *See* Civ. L.R. 7-3(c). However, it does not appear that the EEOC submitted its evidentiary objections in a separate document in an attempt to avoid the page limits for its reply, as the reply brief totals only seven pages. The Court in the exercise of its discretion has considered the EEOC's separate evidentiary objections.

5

the matter asserted – that Ms. Ramirez *actually* published the claimed statements to the Internet – but to show that Mr. Peters believed that to be the case. *See* Fed. R. Evid. 801 (defining hearsay as a statement by an out of court declarant that is offered "to prove the truth of the matter asserted in the statement"). Moreover, Mr. Peters states in his declaration that his girlfriend showed him Ms. Ramirez's Internet postings, meaning that he personally saw them. The EEOC argues that any representation that Mr. Peters saw such postings is undermined by the Bakery's failure to submit a copy of the postings in response to discovery requests or as evidence in opposition to this motion. While a trier of fact could find that the failure to submit the claimed Internet postings does undermine Mr. Peters' version of events, that failure goes to the weight of the evidence as a whole; it does not render Mr. Peters' statements inadmissible. With respect to the EEOC's objections based upon the "conclusory" nature of Mr. Peters' statements, the EEOC does not cite any Federal Rule of Evidence or case authority that would support exclusion of Mr. Peters' statements on that ground. Accordingly, the EEOC's objections are OVERRULED.

On the merits, the EEOC argues in reply to the Bakery's opposition that the only reasonable inference to be drawn from Mr. Peters' deposition testimony is that he filed the defamation action against Ms. Ramirez *because* she filed an EEOC charge against the Bakery. According to the EEOC, that is the only interpretation of Mr. Peters' deposition testimony that is consistent with an affidavit that EEOC Investigative Support Assistant Martin Olson took from Mr. Peters on April 23, 2013. *See* Laura Decl. ¶ 3, ECF 178-1. In that affidavit, Mr. Peters stated as follows:

> I filed a small claims suit against [Ms. Ramirez]. I found it was a waste of time. I thought it was a case of slander. She told the judge I called her a wetback. I never called her that in my life. That just shows you what kind of person she is. The lawsuit was thrown out because it was in the wrong court. I filed defamation of character. **She made allegations that weren't true in the EEOC charge.**

Peters Affidavit at 9, ECF 178-1 (emphasis added). The EEOC also argues that Peters' assertion that he filed the defamation action because of information Ms. Ramirez posted on the Internet is not credible in light of his deposition testimony that Ms. Ramirez *never posted* derogatory

1    comments about the Bakery on the internet:

2    All I said is, "I don't -- I'm trying to protect the bakery, not me, the bakery.  I don't
3    want any derogatory comments posted on any kind of Facebook or Google or
     anything like that saying this is a bad business.  If I see anything like that, I'm going
4    to turn around and I'm going to call ICE on your mother . . . nothing ever became
     of it.  There was never a bad comment on -- posted on the Internet, so it was
5    dropped at that point.

6    Peters Dep. 62:1-10, Exh. 1 to Laura Decl., ECF 178-1.  Finally, the EEOC points out that Mr.

7    Peters' deposition testimony that he filed the defamation action against Ms. Ramirez because she

8    referred to him as a "racist" and as "Portuguese" appears to track the language of Ms. Ramirez's

9    EEOC charge, in which she stated that Mr. Peters made "racial" comments and was "Portuguese."

10   *Compare* Peters Dep. 78:18-79:12, Exh. 1 to O'Hara Decl., ECF 169-1 *with* EEOC Charge, Exh. 2

11   to O'Hara Decl., ECF 169-1.

12   While the EEOC's evidence is quite strong, it is insufficient to establish as a matter of law

13   that Ms. Ramirez's filing of the EEOC charge was the but-for cause of Mr. Peters' filing of the

14   defamation action against her.  In *Nassar*, the Supreme Court made clear that in order to prevail on

15   a retaliation claim under § 2000e-3(a), a plaintiff must do more than prove that the protected

16   activity was a *motivating factor* for the adverse employment action.  *Nassar*, 133 S. Ct. at 2532.

17   "Title VII retaliation claims require proof that the desire to retaliate *was the but- for cause* of the

18   challenged employment action."  *Id.* at 2528 (emphasis added).  Here, there is conflicting evidence

19   as to the but-for cause of the adverse action.  A reasonable jury could, if it believed Mr. Peters,

20   find that he filed the defamation action because he believed that Ms. Ramirez had called him a

21   racist on the Internet and not because she filed an EEOC charge.  Evidence that could support such

22   a finding includes Mr. Peters' deposition testimony that statements about him being racist had

23   been published on the Internet and found by his girlfriend, *see* Peters Dep. 79:11-17, Exh. 1 to

24   O'Hara Decl., ECF 169-1; Mr. Peters' declaration statements to the effect that he filed the

25   defamation action because he was upset that Ms. Ramirez had called him a racist on the Internet,

26   *see* Peters Decl. ¶ 3, 176-2; and the lapse of time (approximately five and a half months) between

27   the date Mr. Peters was informed of the EEOC charge and the date he filed the defamation action,

28   *see* Notice of Charge, Exh. 2 to O'Hara Decl., ECF 169-1; Defamation Compl., Exh 3 to O'Hara

Decl., ECF 169-1.

The EEOC suggests that no reasonable jury could find that the defamation action was motivated by statements published to the Internet in light of Mr. Peters' testimony that "[t]here was never a bad comment on -- posted on the Internet." *See* Peters Dep. 62:1-10, Exh. 1 to Laura Decl., ECF 178-1. However, the testimony in question states only that Ms. Ramirez never posted a bad comment *about the Bakery*. That statement does not actually conflict with Mr. Peters' assertion that he believed Ms. Ramirez had posted negative comments on the Internet about *him*.

Viewing the evidence in the light most favorable to the Bakery and drawing all reasonable inferences in the Bakery's favor, the Court concludes that there is a disputed issue of material fact as to whether Ms. Ramirez's filing of the EEOC charge was the but-for cause of Mr. Peters' filing of the defamation action. Accordingly, the EEOC's motion for partial summary judgment must be denied.

## IV. ORDER

Plaintiff's motion for partial summary judgment is DENIED.

Dated: April 21, 2016

BETH LABSON FREEMAN
United States District Judge