ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
PETER F. LAURA, SBN 116426 (CA)
SIRITHON THANASOMBAT, SBN 270201 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3077
Fax No. (415) 522-3425
Peter.Laura@eeoc.gov

Attorneys for Plaintiff EEOC

VICTORIA L.H. BOOKE, SBN 142518 (CA)
BOOKE & AJLOUNY
606 North First Street
San Jose, CA 95112
Telephone: (408) 286-7000
Facsimile: (408) 286-7111

Attorneys for Defendant Peters' Bakery

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>PETERS' BAKERY,<br><br>Defendant. | Case No.:  CV 13-4507 BLF<br><br>**CONSENT DECREE** |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct alleged unlawful employment practices on the basis of race/national origin and retaliation, and to provide appropriate relief to Charging Party Marcela Ramirez ("Charging Party"), whom the Commission alleged was adversely affected by such practices.  The Commission alleged

that Defendant Peters' Bakery ("Defendant") subjected Charging Party to discrimination based on race/national origin when it subjected her to harassment and terminated her employment because of her race/national origin; and subjected her to retaliation for engaging in protected activity, including but not limited to filing a civil defamation action against Charging Party,; and circulating copies of Charging Party's charges of discrimination to her co-workers; all in violation of Title VII. Defendant has denied these allegations.  The Commission and Defendant now seek to resolve this action as to each other and as between Defendant and Charging Party without further contested litigation through this Consent Decree.  This resolution does not constitute an admission of liability on the part of Defendant, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

I.      GENERAL PROVISIONS

1.      This Court has jurisdiction over the subject matter and the parties to this action.  This Court retains jurisdiction over this Consent Decree during its term.

2.      This Consent Decree constitutes a full and final resolution of the Commission's claims against Defendant in this action.

3.      This Consent Decree will become effective upon its entry by the Court.

4.      This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5.      The Commission and Defendant will each bear its own costs and attorney fees in this action.

II.     GENERAL INJUNCTIVE RELIEF

6.      Defendant and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined from discriminating based race/national origin, as prohibited by Title VII.

7. Defendant and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined from retaliating against the Charging Party, or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and the proceedings in this case.

III. SPECIFIC INJUNCTIVE RELIEF

8. **Independent EEO Consultant**: No later than thirty days after entry of this decree, Defendant shall contract at its own expense with an Independent EEO consultant to serve as Peter's Bakery's agent for the purpose of developing appropriate EEO policies, and for training its owner, supervisors and employees regarding the issue of discriminatory harassment in the workplace and EEO requirements generally. Defendant shall also contract an independent Human Resources consultant for the purpose of enforcing its Equal Employment Opportunity (EEO) policies, administering its complaint procedures, investigating complaints of discrimination, monitoring compliance with anti-discrimination laws, monitoring compliance with the Consent Decree and filing reports with the EEOC every six months. The Independent EEO consultant must have demonstrated experience in anti-discrimination laws, particularly Title VII and discriminatory harassment, and must have experience investigating allegations of harassment. One person or entity can perform functions of EEO consultant, HR consultant and trainer if the individual or entity has the appropriate qualifications.

9. Defendant shall submit to the EEOC for its review and consideration the name and curriculum vitae of the proposed Independent EEO consultant and Human Resources consultant at least thirty (30) days before the deadline outlined in the preceding paragraph. The EEOC will notify Defendant within fourteen (14) days of receipt of the proposed consultant's name and curriculum vitae if it has any concerns about the proposed Independent EEO Consultant. The EEOC will review the proposed Independent EEO consultant's and Human Resources consultant's qualifications in good faith and will not reject a candidate without good cause.

10. The Independent Human Resources Consultant will retain records of all complaints it receives during the pendency of this Consent Decree, its investigation of the complaints and the

remedial action taken. The HR Consultant will submit a report regarding any complaints received as outlined in paragraph 23, below.

**Non-Discrimination Policy**

11. No later than sixty (60) days after entry of this Decree, Defendant shall adopt Equal Employment Opportunity (EEO) and harassment policies that: (i) include definitions of harassment based on sex and national origin; (ii) include examples to supplement the definitions; (iii) provide for substantial and progressive discipline and/or corrective action for incidents of discriminatory harassment; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation, (v) provide for substantial and progressive discipline for incidents of retaliation; (vi) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) provide a timetable for commencing an investigation and for taking remedial action; and (viii) indicate that Peters' Bakery will promptly communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

12. The revised EEO policies shall be submitted to the EEOC for its review and comments at least thirty (30) days before the anticipated date of implementation. The EEOC will notify Defendant within fourteen (14) days of receipt of the revised policies if it has any concerns about the proposed revisions.

13. In the event that Defendant decides to revise its EEO policies and procedures during the term of the decree, Defendant will submit a copy of the revised EEO and harassment policies to EEOC to the EEOC for its review at least thirty (30) days before the anticipated date of implementation. The EEOC will notify Defendant within fourteen (14) days of receipt of the revised policies if it has any concerns about the proposed revisions.

14. Complaint Procedures: Defendant shall adopt and maintain a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy. As part of the policy, Defendant shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation. Defendant's complaint procedure and harassment policy shall notify employees that they can lodge a complaint with the Independent Human Resources consultant described in paragraph, 8, above, and

shall provide the name and telephone numbers for the Human Resources Consultant. Contact information for the Independent Human Resources consultant also shall be continuously posted in a prominent place at all of Defendant's business locations.

15. Defendant shall effectively disseminate its EEO policies and complaint procedures by: (a) distributing copies of the policies to all current employees within 10 days of their adoption; (b) giving a copy of the policy to and reviewing the policy with all new employees upon the employees' hire; and (c) requiring each employee who receives a copy of the policies and procedures to sign a statement acknowledging their receipt of the policies.

16. Defendant will submit a copy of the complaint procedures to the EEOC at the same time it submits its draft revised EEO policies as required by paragraph 11 above.

**Training**

17. Within sixty (60) days of the entry of this Decree, and each following year during the term of this Consent Decree, Defendant will use an outside consultant, paid for by Defendant, to conduct mandatory annual training for all employees, both management and non-management, regarding employees' rights to a workplace free of discrimination and harassment based on race/national origin, and free from retaliation for opposing discrimination, and/or making a complaint or participating in complaint proceedings before any state or federal agency. Said training will be of no less than four hours duration. The training will be developed and presented by someone who is knowledgeable about Title VII, the California Fair Employment and Housing Act (FEHA) and discriminatory harassment and who has the background, skill and ability to educate Defendant's employees about the issue of discriminatory harassment in the workplace.

18. Employees shall be given a questionnaire through which they can evaluate and provide feedback regarding the training. Defendant shall retain records reflecting when the training was presented, which employees received training and which employees were absent for the training. The questionnaires and training records will be submitted to the EEOC for monitoring.

19. The EEOC will be entitled to review and comment on the curriculum vitae of the proposed trainer(s) as well as the syllabus for the training prior to its presentation. Defendant shall submit the names of the proposed trainer(s), resume(s) or other information setting forth the trainer's

qualifications and the proposed syllabus to the EEOC for its review and comments at least thirty (30) days before the anticipated date of the training. The EEOC will notify Defendant within fourteen (14) days of receipt of the information if it has any concerns about the proposed trainer(s) or training syllabus. The EEOC will review the trainer's qualifications and the proposed syllabus in good faith.

20. **Training for Owner:** Within sixty (60) days of the entry of this decree, Defendant will use an outside consultant, paid for by Defendant, to provide separate, in-person training to Charles Peters concerning discrimination and harassment based on race/national origin, retaliation, and on supervising a diverse workforce. The training shall include discussion of the owners' responsibilities and potential liability (including personal liability) as business owners. Defendant shall submit to the EEOC the name and curriculum vitae of the proposed trainer and the proposed syllabus for the EEOC's review no later than thirty (30) days before the scheduled training. The EEOC shall be entitled to reject a proposed trainer upon a showing of good cause. The trainer shall submit a report to the EEOC informing the EEOC that the training has been completed, outlining the substance of the training and evaluating Charles Peter's participation in and receptiveness to the training. This training will be of at least two hours duration.

**Posting**

21. Defendant will post the Notice attached hereto as Exhibit A to this Consent Decree, in a location accessible to all employees. This Notice will remain posted for the duration of the Consent Decree.

22. Defendant will also post the Notice "Equal Employment Opportunity is the Law" in English and Spanish in a location accessible to all employees. This notice is required by law (42 U.S.C. § 2000e-10(a)) and will remain posted.

**Record Keeping and Reports**

23. Defendant, through the Independent Human Resources Consultant described in paragraph 8, above, shall submit reports to the EEOC every six months containing the following information:

**Harassment Complaint Reports**: No later than six months after entry of this Decree, and every six months thereafter, the Independent HR Consultant will mail to counsel for the EEOC a

report containing the following information and documentation covering the preceding six-month period: (a) a summary of each complaint, including the substance of the complaint, the date the complaint was submitted, the result of the investigation into such complaints and the date the investigation was completed; (b) additionally, Defendant will identify the name, address, and telephone number of the complainant and identify the person who received the complaint.  The word "complaint" in this paragraph includes both internal complaints and complaints to outside agencies such as the Commission or the California Department of Fair Employment and Housing.

A copy of all records, documents and other writings relevant to such complaints and investigations shall be maintained by Defendant during the period of the Consent Decree and will be made available to the Commission within ten (10) days following a written request from the Commission to Defendant's counsel of record;

**Training Report:** Defendant will send the EEOC verification of its completion of harassment training for its employees and owners in the form of a sworn declaration of completion from an agent of the corporation.  Defendant shall submit copies of the acknowledgments of training signed by attendees, as set forth in paragraphs 17-20, above, during the preceding reporting period.

IV.    RELIEF FOR CHARGING PARTY

24.    Defendant will pay the sum of $ 40,000.00 (forty thousand dollars and no cents) in complete satisfaction of the Commission's claims against Defendant as set forth in the Complaint. Said monetary relief will be in the form of a check made out to Marcela Ramirez, and will be paid to Ms. Ramirez within ten (10) days of the entry of this Decree. The check, representing compensatory damages under the Civil Rights Act of 1991, shall be designated as "other income" on IRS Form 1099.  A copy of the check and any transmittal letter will be mailed to counsel for the Commission at the same time it is mailed to Ms. Ramirez.

25.    Within fifteen (15) days of entry of this Decree, Defendant shall draft a letter of reference for Ms. Ramirez to use if she chooses to seek alternative employment.   Defendant shall mail a copy of the proposed letter of reference to the EEOC for its review prior to sending it to Ms. Ramirez. The EEOC will notify Defendant within five (5) days of receipt of the information if it has

any concerns about the proposed letter.

26.    If Ms. Ramirez chooses to seek alternative employment, Defendant shall not disclose any information or make references to any charge of discrimination, retaliation or this lawsuit in responding to employment reference requests for information about Ms. Ramirez.

27.    From the date of entry of this Consent Decree, Defendant shall not disclose in response to inquiries from potential employers, any information regarding Ms. Ramirez's employment with the Company except as follows:

    a. In response to a specific inquiry, Defendant may disclose Ms. Ramirez's dates of employment, position held and final rate of pay;

    b. Defendant may disclose information under Court order;

    c. Defendant shall advise managers and any officials or agents of Peter's Bakery who are responsible for responding to employment reference checks of the foregoing.

V.    **DURATION**

28.    This Consent Decree constitutes a full and final resolution of all the Commission's claims on behalf of Charging Party.

29.    This Consent Decree shall terminate five (5) years from the date of entry by the Court, unless this Court grants a request by the EEOC for an extension of the Decree due to Defendant's noncompliance with the decree.  If the EEOC determines that Defendant has not complied with the Consent Decree, the EEOC will serve written notification of the alleged breach to Defendant and its attorney of record or, if no such attorney exists, to its registered agent for service of process.  The EEOC will not petition the Court for enforcement sooner than fifteen (15) days after providing written notification to Defendant's attorneys of record or registered agent. If the alleged breach is susceptible to cure, Defendant will have fifteen (15) days after service of such written notification to serve written notice to the EEOC that it will cure the alleged breach, and fifteen (15) additional days after serving such notice to cure the alleged breach.  If the alleged breach is not susceptible to cure, the fifteen-day period following written notice by the EEOC shall be used by the parties to engage in good faith efforts to resolve the issue without Court intervention.  If the EEOC petitions the Court

and the Court finds Defendant to be in substantial violation of terms of the Decree, the Court may grant a request by the EEOC to extend the period of this Consent Decree by a reasonable period and may order such other relief as it deems necessary or equitable.

30. This Consent Decree will expire at midnight of the date five (5) years after its entry by the Court, provided that Defendant has substantially complied with the terms of this Consent Decree. Defendant will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendant has failed to comply with any of the terms of this Decree.

DATED: June 9, 2016

                     */s/ Roberta L. Steele*  
                     Roberta L. Steele  
                     Regional Attorney

                     Marcia L. Mitchell  
                     Supervisory Trial Attorney

                     Peter F. Laura  
                     Trial Attorney

                     On Behalf of Plaintiff  
                     U.S. EQUAL EMPLOYMENT  
                     OPPORTUNITY COMMISSION

                     */s/ Victoria L.H. Booke*  
                     Victoria L.H. Booke,  
                     BOOKE & AJLOUNY

                     On Behalf of Defendant  
                     PETERS' BAKERY

### **LOCAL RULE 5-1(i)(3) ATTESTATION**

I, Peter F. Laura, am the ECF User whose ID and password are being used to file the Consent Decree. In compliance with Local Rule 5-1(i)(3), I hereby attest that Roberta L. Steele and Victoria L.H. Booke concurred in this filing.

DATED: June 9, 2016

                 By:  */s/ Peter F. Laura*  
                      Peter F. Laura  
                      Trial Attorney

1
2
3  IT IS SO ORDERED.
4  Dated: June 9, 2016
5
6
7
...
28

**ORDER**

_____
Beth Labson Freeman
United States District Court Judge

**EXHIBIT A**

**NOTICE TO EMPLOYEES**

This notice has been posted pursuant to the settlement of a lawsuit: *EEOC v. Peters' Bakery.* In accordance with the Consent Decree, Peters' Bakery will provide annual training for all employees, both management and non-management, regarding employees' rights to a workplace free of discrimination and harassment based on race/national origin, and free from retaliation for opposing discrimination, and/or making a complaint or participating in complaint proceedings before any state or federal agency. Peters' Bakery will also provide individual training to the owners of Peters' Bakery concerning discrimination and harassment based on race/national origin, retaliation, and on supervising a diverse workforce.

Federal law prohibits an employer from engaging in or allowing discrimination, including discrimination based on age. It is also unlawful for an employer to retaliate against any individual because he or she complains of discrimination, cooperates with the investigation of discrimination, participates as a witness or potential witness in any investigation or legal proceeding or otherwise exercises his or her rights under the law.

Any employee who is found to have retaliated against any other employee because such employee participated in this lawsuit will be subject to substantial discipline, up to and including immediate discharge. Should you have any complaints of discrimination or retaliation you should contact _____*(Company representative)*_____ at _____.

Employees also have the right to bring complaints of discrimination or harassment to the U.S. Equal Employment Opportunity Commission, San Jose Local Office, 96 North Third Street, Suite 250, San Jose, CA 95112, (408) 291-7282.

This notice shall remain prominently posted until __[five years from the entry of the decree]__.

This Official Notice shall not be altered, defaced, covered or obstructed by any other material.